James Herring, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 3, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Lynne D. Miller,* Assistant Defender, *John W. Packel,* Assistant Defender, and *Benjamin Lerner,* Defender, for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

Opinion by Judge Blatt, December 5, 1978:

James Herring (petitioner) has filed a petition for review of the action of the Pennsylvania Board of Probation and Parole (Board) revoking his parole. The Board filed an answer with new matter, and the petitioner then filed preliminary objections and an answer to the new matter. By order of this Court the petitioner's preliminary objections were treated as a

motion for summary judgment pursuant to Pa. R.C.P. No. 1035, and the Board then filed a cross-motion for summary judgment.

On January 17, 1978, the petitioner was arrested by agents of the Board for technical violation of his parole and was charged with leaving the district to which he had been paroled without the permission of his supervising agent. He was given a preliminary hearing and was later afforded a violation hearing by a representative of the Board. At the violation hearing, the parole agent introduced a letter, which originated from the office of the Federal Bureau of Investigation in Newark, New Jersey, and which indicated that the petitioner had been identified by two witnesses as having participated in a robbery and shooting in New Jersey. This was the only evidence offered in support of the technical violation charge and there was no evidence offered that he had been arrested for the robbery in question. The Board ordered the petitioner recommitted as a technical parole violator.

The petitioner now argues, *inter alia,* that his due process rights were violated because his parole was revoked on the basis of hearsay without a finding of good cause for his not being allowed confrontation. To this the Board replies that the author of the letter as well as the witnesses mentioned therein were outside the jurisdiction of the Commonwealth, and that, although a finding of good cause was not actually made, this Court should find from the record that good cause existed.

We believe that the decision of the Supreme Court of the United States in *Morrissey v. Brewer,* 408 U.S. 471 (1972) is controlling here, and in that case it was held not only that the minimum requirements of due process applied to parole revocation hearings but that

among those requirements is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). . . ." 408 U.S. at 489. *Accord, Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975); *Commonwealth v. Ball,* 235 Pa. Superior Ct. 581, 344 A.2d 675 (1975). We believe that the language of the Court is clear, and there must be a *specific finding* of good cause *by the hearing officer.* No such finding was made here, and we cannot make such a finding. As the United States Court of Appeals for the Fifth Circuit explained in *Baker v. Wainwright,* 527 F.2d 372, 378 (5th Cir. 1976):

> The Morrissey exception to the right of confrontation and cross-examination applies to cases where 'the hearing officer specifically finds good cause for not allowing confrontation.' In order to come within the exception there must be an explicit, specific finding of such good cause, and the reasons should be stated in the record of the revocation hearing. (Footnote omitted.)

We conclude, therefore, that the petitioner is entitled to summary judgment.

### Order

And Now, this 5th day of December, 1978, the motion for summary judgment of James Herring is hereby granted, and the cross-motion of the Board of Probation and Parole is denied. The order of the Board revoking the petitioner's parole is hereby set aside, and it is directed that he be reinstated to parole. The petitioner's maximum sentence shall be recomputed to be consistent with the applicable maximum prior to his revocation of parole.