532 A.2d 1230

David J. Dennis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

518

Submitted on briefs June 12, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Charles J. Kroboth, Jr.,* Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 29, 1987:

David J. Dennis (petitioner) appeals a denial of administrative relief of the Pennsylvania Board of Probation and Parole (Board) which ordered him recommitted as a technical and convicted parole violator.

Petitioner was originally sentenced in January of 1982 by the Court of Common Pleas of Philadelphia County to a term of two to ten years following his conviction for aggravated assault. That sentence carried an initial maximum term expiration date of January 13, 1991. The Board granted the petitioner parole on this sentence effective January 13, 1983.

On March 25, 1983, petitioner was arrested by the Philadelphia Police and charged with delivery of a controlled substance and knowing and intentional possession of a controlled substance. After petitioner failed to appear for a scheduled court appearance on the new charges, the Board declared him delinquent on April 6, 1983.

On July 18, 1984, petitioner was picked up for questioning as a possible suspect in a homicide case. Upon learning of the petitioner's delinquency, after running a computer check on him, the police notified the petitioner's parole supervision staff of his arrest. On that same date, the Board filed a parole violation warrant

against petitioner charging him with technical violations of his parole and he was arrested.[1]

On February 18, 1986, petitioner was found guilty by the Court of Common Pleas of Philadelphia County on the charges of knowing or intentionally possessing a controlled substance and manufacturing, delivering, or possessing, with intent to manufacture or deliver, a controlled substance. He was sentenced on these charges on April 14, 1986.

On August 7, 1986, the Board afforded petitioner a parole violation/revocation hearing before a Board hearing examiner at the State Correctional Institution at Graterford. At that hearing he was represented by counsel who objected to the timeliness of the hearing as to both the technical and criminal parole violations. At that time, the hearing examiner stated that the timeliness challenge would be held in abeyance pending preparation of a separate petition to the Board setting forth the petitioner's argument regarding this contention.

Following the hearing, the Board ordered petitioner's parole revoked and recommitted him as a technical parole violator to serve twelve months of backtime

---

[1] The technical violations with which petitioner was charged were: 2 (changing approved residence without written approval of parole supervision staff); 3(a) (failing to report regularly as instructed and follow any written instructions of the Board or the parole supervision staff); 3(b) (failing to notify parole supervision staff within seventy-two hours of any arrest); and 5(a) (failing to abstain from the unlawful possession, or sale of, narcotics and dangerous drugs, failing to abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§780-101—780-144, without a valid prescription). After these charges were made, but prior to the preliminary detention hearing, he was also charged with a violation of general condition 5(b) (failing to refrain from owning or possessing any firearm or other weapon).

and as a convicted parole violator to serve twenty-four months backtime for a total of thirty-six months of backtime.[2] Through counsel, the petitioner filed an administrative appeal of that revocation order which was denied by the Board on December 5, 1986. Petitioner's counsel then duly filed a timely petition for review with this Court.

In this appeal, petitioner challenges the timeliness of his violation/revocation hearing, the finding of the Board hearing examiner that the Commonwealth had established by a preponderance of the evidence that he violated general conditions 2 and 3(b) of his parole and the propriety of the hearing examiner's reversal in his position concerning the findings as to those violations. We shall address these issues seriatim.

Our scope of review of a Board recommitment order is limited to a determination of whether necessary findings are supported by substantial evidence, whether the order is in accordance with law, and whether any constitutional rights of the parolee have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

The first issue which the petitioner raises is that his violation/revocation hearing, held on August 7, 1986, was held beyond 120 days from his preliminary hearing in violation of 37 Pa. Code §71.2(11) and beyond 120

---

[2] As to the backtime ordered for technical violations, the technical violations supporting this backtime were violations of general conditions 2, 3(a) and 3(b). The charge of violation of general condition 5(a) was withdrawn by the parole agent based on the decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). The charge of violation of general condition 5(b) was dismissed due to the inability of the Commonwealth to present competent testimony to establish the charge.

days from the date of the Board's receipt of official verifi-
cation of the guilty verdict handed down on February
16, 1986, in violation of 37 Pa. Code §71.4(2).

On September 11, 1984, the Board provided the pe-
titioner with a preliminary detention hearing before a
Board hearing examiner.[3] At the conclusion of this hear-
ing, the hearing examiner found that the alleged viola-
tions of general conditions 2, 3(a), 3(b) and 5(a) of his
parole were supported by probable cause. He also
found that the alleged violation of general condition 5(b)
of petitioner's parole was not supported by probable
cause. On that same date, petitioner waived his right to
a full Board hearing and requested a continuance of any
further parole hearings.

We have held that the 120 day rule is inapplicable
when the parolee or his attorney requests a continuance
and the continued hearing is held beyond the 120 day
period. *Murray v. Jacobs,* 99 Pa. Commonwealth · Ct.
39, 512 A.2d 785 (1986). Periods of time attributable to
a request for a continuance are not to be counted
against the Board in determining the timeliness of a
hearing. *LaCourt v. Pennsylvania Board of Probation
and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70
(1985).

In the present case the petitioner acknowledges that
he requested a continuance of the violation/revocation
hearing until the guilty verdict on the new charges was
handed down. Contrary to the Commonwealth's asser-
tion, however, he denies agreeing either orally or in
writing to a continuance of the violation/revocation hear-
ing until after sentencing on the new charges. He
claims that, after he had executed a continuance form

---

[3] This hearing was originally scheduled for July 31, 1984, but
was continued until September 11, 1984, at the petitioner's re-
quest.

on September 11, 1984, (R. 48), the hearing examiner, without his knowledge, wrote in the words "including sentencing" at the end of the typewritten sentence on the form which read as follows: "Client waived his preliminary and detention hearings and requested that all violation and revocation hearings be continued pending disposition of criminal charges." This alteration is significant in the present case, at least as to the technical parole violations because, while more than 120 days had elapsed between the date of the guilty verdict and the date of the violation/revocation hearing, 120 days had not elapsed between the date of sentencing and the date of the violation/revocation hearing.

The Board, in response to this claim, found that the handwritten words "including sentencing" appeared on the continuance form at the time the petitioner executed it and that, therefore, the petitioner had requested a continuance of the violation/revocation hearing until after sentencing and the violation/revocation hearing was timely. It appears from a review of the record that the sole basis for this finding by the Board is an off-the-record statement by Hearing Examiner McCann, who conducted the preliminary detention hearing, that he was positive that the words "including sentencing" were placed on the form prior to the signatures being affixed. By relying on the off-the-record statements made by Hearing Examiner McCann, without stating on the record good cause for not allowing confrontation, however, the Board has violated the petitioner's right to due process of law, which includes the right to confront and cross-examine an adverse witness in the absence of good cause for not allowing confrontation. *Herring v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 156, 394 A.2d 1082 (1978).

Because the Board seeks to deprive the petitioner of his liberty interest by revoking his parole and recom-

mitting him, we hold that it bears the burden of proving that petitioner sought and was granted a continuance which, when the time period covered by it is excluded from the 120 day count, would cause the violation/ revocation hearing to have been held in a timely manner. Since Hearing Examiner McCann's statement is the only evidence relied upon by the Board in finding that the words "including sentencing" appeared on the continuance form at the time the petitioner executed it on September 11, 1984, we find that the Board failed to meet its burden of proof and that there is no evidence on the record to support such a finding.[4]

However, given that the only evidence offered to support a resolution of this fact in favor of the petitioner was the petitioner's own self-serving statement, we cannot accept the petitioner's argument that the order of the Board recommitting the petitioner as a technical and convicted parole violator should be set aside. For even though the Commonwealth failed to properly develop the record on this issue, we think it is possible that the words "including sentencing" were on the continuance form at the time the petitioner executed it on September 11, 1984. We shall, therefore, vacate the Board's holding that the violation/revocation hearing of August 7, 1986 was timely as to technical violations and remand for a new hearing on that issue of fact.

Regarding the timeliness of the violation/revocation hearing as to petitioner's criminal violations, this Court is unable to state what bearing a finding in favor of the petitioner on the issue of the alteration of the continuance form would have. This is because we are unable to ascertain, by a review of the record, the date that the

---

[4] The only person, other than the petitioner, who testified as to this issue was Parole Agent Goth who stated that he did not know whether the handwritten words "including sentencing" appeared on the form at the time that he signed it. (R. 19)

Board received official verification of the petitioner's guilty verdict. It is from this date that the 120 day period begins to run when the petitioner was confined in a county correctional institution and had waived his rights to a full Board hearing. 37 Pa. Code §71.4(2)(i).

In the present case, we are able to state that, if the Board, on remand, finds that the words "including sentencing" did not appear on the form at the time the petitioner executed it, the violation/revocation hearing would be untimely if more than 120 days had elapsed from the date the Board received official verification of the petitioner's guilty verdict. Of course, if petitioner was sentenced before the Board received official verification of the petitioner's guilty verdict, it would not matter whether the words "including sentencing" appeared on the continuance form at the time the petitioner signed it and the hearing would be untimely if more than 120 days had elapsed from the date the Board received official verification of the petitioner's guilty verdict. However, if the violation/revocation hearing was held within 120 days of the receipt by the Board of the official verification of the petitioner's guilty verdict, we would conclude that the hearing was held within the time limits prescribed by 37 Pa. Code §71.4(2) no matter whether the sentencing occurred before or after such receipt and whether the words "including sentencing" appeared on the continuance form at the time the petitioner executed it or not.

Therefore, we also remand this case for a new hearing to determine whether the violation/revocation hearing of August 7, 1986 was timely as to the criminal violations.

Although this decision makes it unnecessary to reach petitioner's alternative arguments that the Commonwealth failed to prove by a preponderance of the evidence that he violated general conditions 2 and 3(b) of

his parole and that the referee reversed his position as to whether petitioner had violated those general conditions between the time of the hearing and the writing of his report and that he was prejudiced thereby, we will do so nonetheless for judicial economy.

Questions of resolving conflicts in the evidence, witness credibility and evidentiary weight are properly within the exclusive discretion of the fact finding agency, here the Board, and are not matters for the reviewing court. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). At the violation/revocation hearing, Parole Agent Watson testified that he inspected petitioner's approved residence on one occasion and found none of the petitioner's clothes which had been there previously. A document labelled "Addendum to the Violation Report of 8/13/84", which was made a part of the record at the close of the violation/revocation hearing, shows that this inspection occurred on December 28, 1983. The Board found the testimony of Mr. Watson to be credible and relied upon it and the statement contained in the "Addendum to the Violation Report of 8/13/84" concerning the inspection. It thus found that petitioner had changed his approved residence without the written permission of the parole supervision staff as of October of 1983, in violation of general condition 2 of his parole. We find that there is substantial evidence on the record to support the Board's finding on that violation. Therefore, unless the Board resolves the factual issues for which this matter is being remanded for an evidentiary hearing in favor of the petitioner, the finding of violation of general condition 2 should be upheld.

At the violation/revocation hearing, Parole Agent Watson also testified that the petitioner was arrested on Friday, March 25, 1983, and that the petitioner did not speak to him about the arrest until Thursday, April 1,

1983, when he called the petitioner. The petitioner testified that Mr. Watson contacted him about the arrest on Monday, March 28, 1983. The Board once again found the testimony of Mr. Watson, as opposed to the petitioner, to be credible and relied upon it to find that the petitioner failed to notify his parole supervision staff of his arrest within seventy-two hours thereof, in violation of general condition 3(b) of his parole.

If the seventy-two hour period in this case would have elapsed on a Saturday, Sunday or a state or federal legal holiday, the twenty-four hour periods encompassed by those days would not be included within our count of seventy-two hours. This is because Section 1502(a)(1) of the Statutory Construction Act, 1 Pa. C. S. §1502(a)(1)(ii), provides generally that the terms of that Act apply to the Pennsylvania Code.[5] Section 1908 of that Act, 1 Pa. C. S. §1908, provides that whenever the last day of any period of time referred to in any statute falls on a Saturday, Sunday or legal holiday such days shall be omitted from our computation. A different construction of general condition 3(b) would be inconsistent with our decision in *Donnell v. Pennsylvania Board of Probation and Parole*, 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982), wherein we held that the twenty-four hour period within which a parolee is to be visited by his parole agent or a representative of the board after a detainer has been lodged, in compliance with 37 Pa.

---

[5] 1 Pa. C. S. §1502(a)(1)(ii) provides:

Except as otherwise provided in this part, the provisions of this part shall apply to the following unless the General Assembly or the agency adopting the document shall provide otherwise:

. . . .

(ii) Every document codified in the Pennsylvania Code except legislative, judicial and home rule charter documents.

Code §71.2(1), would not include those hours that fell on a Saturday or Sunday.[6]

In this case, however, the seventy-two hour period would not have elapsed on a Saturday, Sunday or state or federal legal holdiay. Rather, it would have elapsed, and did elapse, on Monday, March 28, 1983. Therefore, we find that there is substantial evidence on the record, as it presently stands, to support the Board's finding that the petitioner failed to notify the parole supervision staff of his arrest until April 1, 1983. Based on the record, as it presently stands, the Board's conclusion that petitioner violated general condition 3(b) of his parole would, therefore, be correct.

However, in connection with the violation of general condition 3(b), petitioner alleges that, at the violation/revocation hearing, the hearing examiner stated that he was dismissing these violations and that thereafter, when he wrote his report, he found that the petitioner had, indeed, been guilty of such violations.[7] It is his contention that this Court should hold that, as a result of the hearing examiner's statement at the hearing, the charges on those two violations should be dismissed. His reasoning is that the change by the hearing examiner was prejudicial to him, inasmuch as he might otherwise have presented more testimony to rebut the charges concerning those particular technical violations.

---

[6] In *Donnell* we noted that "our counting cannot be rationally affected by the mere semantics of [a] contention that 37 Pa. Code §71.2 uses 'twenty-four hours' rather than 'one day' ". Likewise, in the present case, our counting cannot be affected by the semantics of a contention that 37 Pa. Code §63.4(3)(ii) uses "seventy-two hours" and not "three days".

[7] The petitioner makes the same allegation in connection with violation of general condition 2. However, upon reviewing the hearing transcript, this Court is unable to find any statement by the hearing examiner to the extent that he would dismiss the charge of violation of that general condition.

While we do find that the hearing examiner made a statement that he was going to dismiss the charge of violation of general condition 3(b),[8] the Board correctly points out that a hearing examiner is only able to make recommendations as to the disposition of the charges of alleged violations of parole. 37 Pa. Code §71.2(17), (18). Therefore, we will not hold that the charge of violation of general condition 3(b) should be dismissed. However, we are able to see how a statement by the hearing examiner that he was dismissing a charged violation for lack of supporting evidence, which is made after the Commonwealth puts on its evidence, might cause a parolee to not put on evidence to rebut such charges, and that he would be prejudiced by a subsequent inconsistent finding by the hearing examiner and be entitled to a new hearing on the charge or charges. Therefore, on remand of this matter, petitioner shall be afforded the opportunity to present any additional evidence he may have relevant to the charge of violation of general condition 3(b) and the Board shall decide, based on the evidence presently on the record and such additional evidence, whether petitioner did, in fact, violate general condition 3(b) of his parole.

Finally, in his petition for review, the petitioner contends that the Board incorrectly calculated the petitioner's new parole maximum date as January 6, 1993 and that the period of backtime ordered to be served is excessive under the circumstances of the case. These issues are not, however, set forth in the petitioner's statement of questions in his brief. Nor are they discussed in his argument therein. Therefore, they will not be considered. *See Czitrom v. Unemployment Compen-*

---

[8] R. 33. "I'm going to throw that out, the reporting of the arrest within seventy-two (72) hours. I appreciate your testimony, but I'm going to throw that one out."

530

*sation Board of Review,* 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980).

For the reasons set forth, we vacate the Board's order and the matter is remanded for proceedings consistent with this opinion.

ORDER

Now, October 29, 1987, the above captioned matter is remanded to the Pennsylvania Board of Probation and Parole, for the purpose of determining (a) whether the words "including sentencing" appeared on the continuance form executed by the petitioner on September 11, 1984; (b) if so, whether the petitioner has any additional evidence relevant to the alleged notation of general condition 3(b) and, if so, whether that evidence requires a finding that petitioner did violate that general condition; and (c) whether petitioner's revocation hearing was held within 120 days of the date of receipt of official verification of petitioner's guilty verdict or date of sentencing, whichever is later.

Jurisdiction relinquished.