544 A.2d 1051

David Pastuszek *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 8, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Patrick J. Flannery,* Assistant Public Defender for Luzerne County, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 20, 1988:

David Pastuszek (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and recommitting him as a convicted parole violator. We affirm.

Petitioner was last paroled by the Board on July 23, 1983 from an indeterminate sentence of six years. Petitioner was subsequently arrested and incarcerated, on March 27, 1985, on a burglary charge in Schuylkill County. Soon thereafter, additional criminal charges were filed against Petitioner in Northumberland and Dauphin Counties. Petitioner pled guilty to the Schuylkill county charge on September 3, 1985 and was sentenced to a term of five-to-twenty-three months in the

county prison. He was granted county parole at the time of sentencing.

Petitioner's initial state parole revocation hearing was scheduled for September 20, 1985, but on that date he requested a continuance of the hearing until the disposition of all pending criminal charges. Petitioner alleges he was under the influence of prescription Thorazine, Socolox and Benadryl at that time. Eventually, Petitioner was found guilty of most of the outstanding charges, with the last conviction occurring on November 24, 1986. At all times between March 27, 1985 and November 24, 1986, Petitioner was incarcerated in various county prisons because of the charges pending against him.

A full Board revocation hearing was scheduled for March 11, 1987, but was continued due to Petitioner being out of SCI-Camp Hill on an unrelated writ. Petitioner's revocation hearing was finally held on April 8, 1987, after which the Board recommitted him to serve the remainder of his unexpired, indeterminate six-year term. Petitioner's subsequent request for administrative relief was denied. This appeal follows.[1]

Petitioner contends that his hearing was untimely because it was not held within 120 days as required by 37 Pa. Code §71.4(2).[2] More specifically, Petitioner con-

---

[1] Our scope of review over adjudications of the Pennsylvania Board of Probation and Parole is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed or the Board's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Dennis v. Pennsylvania Board of Probation and Parole,* 110 Pa. Commonwealth Ct. 517, 532 A.2d 1230 (1987).

[2] Petitioner cites in his brief 37 Pa. Code §71.2(11) for the 120 day rule applicable to this case. This section only applies, however, to recommitments for technical parole violations, and not where the Board seeks to recommit a parolee as a convicted parole violator.

tends that the continuance he signed was invalid because he was under the influence of drugs at the time and that the Board should have the burden of proving the validity of his consent to the continuance. We disagree.

Petitioner, citing *Commonwealth v. Baker,* 318 Pa. Superior Ct. 19, 464 A.2d 496 (1983), argues that the Board is required to prove that a parolee's signing for a continuance is knowing, intelligent and voluntary. *Baker* involved the waiver of the right to counsel in a criminal case. We stated, however, in *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), that there is no require-ment that the test of the validity of a continuance request meet the strict standards applied to waivers of constitutional rights. *See also McCullough v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 479, 464 A.2d 622 (1983). We have held that the Board bears the burden of proving that a parolee sought and was granted a continuance which, when the time period covered by the continuance is excluded, would render a hearing timely. *Dennis v. Pennsylvania Board of Probation and Parole,* 110 Pa. Commonwealth Ct. 517, 532 A.2d 1230 (1987). The Board here met that burden when it submitted the continuance form signed by Petitioner on the record. We believe that the burden then shifted to Petitioner to show the invalidity of the continuance inasmuch as the Board had shown compliance with its regulations. Shifting the burden to Petitioner to prove that he was incapacitated when he signed the continuance comports with the burden in a normal civil proceeding where the burden of proving incapacity is on the party asserting it. *See Taylor v. Avi,* 272 Pa. Superior Ct. 291, 415 A.2d 894 (1979); *see also Zubik v. Department of Transportation, Bureau of Traffic Safety,* 93 Pa. Commonwealth Ct. 221, 500 A.2d

1288 (1985). We note that generally the facts underlying claims of incapacity tend to be almost exclusively within the knowledge of the party asserting such incapacity; this is an additional reason for placing the burden on Petitioner. This case is distinguishable from *Dennis* because *Dennis* requires the Board to prove a continuance was sought and granted and, hence, that the hearing was timely. Petitioner here does not contend that the continuance was not sought or granted. Instead he argues that he did not understand what he was doing when he agreed to an otherwise *valid* continuance. In such circumstances *Dennis* does not require the Board to prove capacity.

In this case, the Board found Petitioner's testimony as to his incapacity not to be credible. Questions of evidentiary weight and credibility are within the province of the Board, *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984), and it is free to reject even uncontradicted testimony. *Knuckles v. Pennsylvania Board of Probation and Parole*, 111 Pa. Commonwealth Ct. 487, 533 A.2d 1156 (1987). Consequently, Petitioner has failed to meet his burden of proof in this case.

In any event, Petitioner is not entitled to any relief for another reason. He was in various county correctional facilities from March 27, 1985 until November 24, 1986, during which time he did not waive his right to a full Board hearing. Thus, this period does not commence the running of the 120 day period. 37 Pa. Code §71.4(2)(i). Further, the period between March 11, 1987 and April 8, 1987 does not count against the 120 day period either, because Petitioner was unavailable. *See* 37 Pa. Code §71.5(i)(1). Excluding the period between March 27, 1985 through November 24, 1986 and March 11, 1987 through April 8, 1987, it is clear that Petitioner's hearing was held 107 days after he became

available to the Board on November 24, 1986, and was, therefore, timely.

Affirmed.

ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.