IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adolphus Fisher, : 
          Petitioner : 
       :   No.  837 C.D. 2016
      v. : 
       :   Submitted:  October 28, 2016
Pennsylvania Board of Probation : 
and Parole, : 
          Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED:  March 3, 2017


      Adolphus Fisher (Fisher) petitions for review of the March 21, 2016 order of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review and affirmed the July 23, 2014 determination that Fisher was properly denied sentencing credit for time spent at Kintock-Erie Community Correction Center (Kintock).  We affirm.

      Fisher was sentenced to ten to twenty years' imprisonment following his conviction of robbery.  For this sentence, Fisher's original minimum sentence date was April 11, 2002, and his maximum sentence date was April 11, 2012.  After a lengthy series of paroles and re-paroles, Fisher was paroled from the State Correctional Institution at Huntingdon to reside at Kintock from March 25, 2009, to December 21, 2010.  Thereafter, Fisher resided temporarily at the Luzerne Treatment

Center and then at an approved residence until he was arrested. (Certified Record (C.R.) at 1, 55, 118.)

In January of 2010, the police arrested Fisher for new criminal charges, and a trial court found him guilty of robbery, terroristic threats, simple assault, recklessly endangering another person, receiving stolen property, and retail theft. On March 2, 2011, a trial court sentenced Fisher to seven to fourteen years' imprisonment. By decision mailed June 21, 2011, the Board recommitted Fisher as a convicted parole violator and recalculated his maximum sentence date to July 11, 2016. The Board's recalculation reflects that Fisher did not receive credit for the time he spent at Kintock from March 25, 2009, to December 21, 2010. (C.R. at 78-79, 82, 93, 95.)

On July 11, 2011, Fisher filed an administrative appeal to the Board, contending among other things that he was entitled to sentencing credit for the time he resided at Kintock and a treatment facility, specifically from March 25, 2009 to December 21, 2010, because the conditions at those facilities were equivalent to incarceration. *See Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985) (holding that a convicted parole violator can be granted credit on his original sentence for time spent in a community corrections residency or similar facility by showing that the specific characteristics of the facility are sufficiently restrictive). On October 19, 2011, the Board entered an order directing than an evidentiary hearing be held to address these claims. (C.R. at 96, 100.)

At the hearing, Fisher testified that he resided at Kintock and stated that he could not leave the facility for any reason without being escorted. Fisher believed that he was in the "halfway back" program and that if he left the facility he would be transported to a state correctional institution. (C.R. at 154-55.)

2

Jason Starling, a senior case manager at Kintock, testified that the facility has secured windows but there are no bars on them. He further stated that there is no fence around the facility, and although the doors are locked and monitored, Fisher was allowed to leave the facility for a variety of reasons, especially if he obtained a leisure pass. According to Starling, staff members do not stop residents from leaving Kintock, anyone residing at the facility can ask to leave, and staff are only permitted to try and convince the individual not to leave. Starling added that since Fisher was a parolee, if he left Kintock without permission he would be considered to be an absconder and his parole agent would be contacted. Further, Starling explained that a parolee would not be charged with the crime of escape if he left without permission and that only pre-release residents would be considered escapees. (C.R. at 147-151.)

By decision dated July 23, 2013, the hearing examiner determined that Fisher failed to meet his burden of proving that the restrictive features of Kintock were equivalent to incarceration. In doing so, the hearing examiner found the testimony of Starling credible and found that at Kintock residents may leave, unescorted, for a variety of reasons including, but not limited to, addressing treatments needs, acquiring business documents, conducting job searches, and attending leisure activities with a pass. The hearing examiner further found that residents could leave at any time, without permission, by asking to have the door opened by staff and that if a parolee like Fisher left without permission, the parole office would be contacted and the parolee would be identified as an absconder, but the parolee would not be charged with the escape. (Hearing Examiner's Decision at 2.) In sum, the hearing examiner concluded: "The characteristics of this facility were not the equivalent of incarceration primarily due to the fact that the facility was not

3

secure and [Fisher] could have left, without permission, at any time." *Id.* at 3. For these reasons, the hearing examiner denied Fisher sentencing credit for time he spent at Kintock from March 10, 2009, to December 21, 2010.

In her decision, the hearing examiner also noted that Fisher claimed he was owed sentencing credit for time spent at the Joseph E. Coleman Center from January 25, 2010, to May 11, 2010, dates that overlapped his time at Kintock. However, because Fisher testified that he was not at this facility during this time frame, the hearing examiner struck his testimony regarding this facility and declined to award him any sentencing credit with respect to it. *Id.* at 2.

Fisher then appealed to the Board, contending that the hearing examiner erred in failing to award him sentencing credit for time spent at Kintock. Fisher also asserted that he was entitled to sentencing credit for time he spent at other facilities outside of the March 2009 to December 2010 time frame that he listed in his initial administrative appeal to the Board.

By order dated March 21, 2016, the Board denied Fisher's appeal. The Board agreed with the hearing examiner that Fisher was not entitled to sentencing credit for his time at Kintock from March 10, 2009, to December 21, 2010. The Board also concluded that Fisher's remaining claims for credit at facilities that he attended before and after the period of March 10, 2009, to December 21, 2010, were waived because they were not preserved in the initial appeal. (Board's decision at 1.)

On appeal to this Court,[1] Fisher asserts that he is entitled to credit for the time he served on parole at Kintock from March 10, 2009, to December 21, 2010.

_____

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were **(Footnote continued on next page…)**

4

Accordingly, he argues that his maximum parole violation date should be adjusted to reflect the time he served at that facility. We disagree.

Under section 6138(a)(2) of the Prison and Parole Code, 61 Pa.C.S. §6138(a)(2), a parolee recommitted as a convicted parole violator is not entitled to credit for time "at liberty on parole," a phrase that is not defined by statute. However, in *Cox*, our Supreme Court held that "at liberty" does not mean freedom from all types of confinement. 493 A.2d at 683. A convicted parole violator bears the burden of showing that the specific characteristics of the program are sufficiently restrictive so as to be equivalent to incarceration. *Id.*

In *Detar v. Pennsylvania Board of Probation and Parole*, 890 A.2d 27, 31 (Pa. Cmwlth. 2006), we held that when considering whether confinement was the equivalent of incarceration, the most important factors were "whether the patient, or resident, is locked in and whether the patient may leave without being physically restrained." *Id.* at 31. In *Figueroa v. Pennsylvania Board of Probation and Parole*, 900 A.2d 949 (Pa. Cmwlth. 2006), we reiterated this holding. In *Figueroa*, the parolee was permitted to leave the facility unescorted; would not be physically restrained if he attempted to leave without authorization; and would not be charged with escape for so doing. *Id.* at 952-953. We concluded that this type of confinement could not be considered the equivalent of incarceration.

It is the exclusive province of the Board as fact-finder to assess the credibility of witnesses and assign the appropriate weight to their testimony, and, in exercising this function, the Board is free to reject even uncontradicted testimony.

---

**(continued…)**

supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

*Detar*, 890 A.2d at 28 n.2; *Pastuszek v. Pennsylvania Board of Probation and Parole*, 544 A.2d 1051, 1053 (Pa. Cmwlth. 1988).

Based upon Starling's credible testimony and the hearing examiner's findings of fact, the conditions of Kintock are substantially similar, if not identical, to those of the facility at issue in *Figueroa*. Specifically, the evidence found credible by the Board establishes that Fisher was free from physical restraint, was able to leave Kintock unescorted if and when he chose, and would not be charged with escape if he did so choose. Therefore, our holding in *Figueroa* is dispositive here, and we conclude that the physical features of Kintock were not so restrictive as to be equivalent to incarceration. Accordingly, we conclude that the Board did not abuse its discretion determining that Fisher is not owed sentencing credit for time served at that facility.

In his brief, Fisher also asserts that he is entitled to credit for time he spent at numerous facilities during a variety of time frames that all have ranges falling, in one respect or both respects, outside of the March 10, 2009, to December 21, 2010, time frame he listed in his administrative appeal to the Board. Fisher candidly admits "that these time frames were not included in the original request for administrative review," (Fisher's brief at 23), but nonetheless requests that the case be remanded to the Board to determine whether he is entitled to credit for time spent at these facilities. However, the law is well settled that any issue not raised in an administrative appeal is waived and this Court cannot consider it on appeal. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) ("It has been the holding of this court that issues not raised by a [petitioner] before the Board in an administrative appeal are waived for purposes of appellate review by this court."); *see Steiner v. Markel*, 968 A.2d 1253, 1256 (Pa.

6

2009) (stating that an appellate court cannot reverse a lower court or tribunal on "a basis that was not properly raised and preserved by the parties."); *Mathews v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 1953 C.D. 2015, filed September 15, 2016) (unreported), slip op. at 5-6 ("[W]e note that in this appeal [petitioner] seeks credit for a different period of time than he had indicated on his administrative remedies form . . . . By indicating a different date range on the administrative appeals form, [the petitioner] did not raise the issue of whether he was entitled to credit that he did not receive for the period of May 12, 2012, to August 9, 2012. Accordingly, the issue is waived.").[2] Therefore, we decline to address these arguments or remand the matter to the Board for further proceedings.

      For the above-stated reasons, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] While *Mathews* is an unreported decision, and therefore not binding precedent, the Court finds it to be persuasive authority. *See* 210 Pa.Code § 69.414(a) (stating that unreported decisions issued after January 15, 2008, may be cited for their persuasive value).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adolphus Fisher,                                    :
              Petitioner         :
                                                :   No. 837 C.D. 2016
              v.                :
                                                :
Pennsylvania Board of Probation                     :
and Parole,                                         :
              Respondent         :

## *ORDER*

AND NOW, this 3rd day of March, 2017, the March 21, 2016 order of the Pennsylvania Board of Probation and Parole is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge