IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lee Brantley,                    :
                          Petitioner     :
                                         :
              v.                         :
                                         :
Pennsylvania Board of Probation          :
and Parole and the Pennsylvania          :
Department of Corrections,               :    No. 1372 C.D. 2016
                          Respondents    :    Submitted: November 17, 2017


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: March 12, 2018


        William Lee Brantley (Brantley) petitions this Court for review of the
Pennsylvania Board of Probation and Parole's (Board) June 21, 2016 decision
denying his request for administrative relief (Review Petition). Brantley is
represented by Wayne County Public Defender, Steven E. Burlein, Esquire
(Counsel), who has filed a Renewed Motion for Leave to Withdraw as Counsel
(Renewed Withdrawal Application) and an amended *Anders* Brief (Amended *Anders*
Brief).[1] After review, this Court denies Counsel's Renewed Withdrawal Application,

---

[1] *Anders v. State of Cal.,* 386 U.S. 738 (1967). Where there is a constitutional right to
counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with
> citations to the record; (2) refer[s] to anything in the record that
> counsel believes arguably supports the appeal; (3) set[s] forth
> counsel's conclusion that the appeal is frivolous; and (4) states
> counsel's reasons for concluding that the appeal is frivolous.

vacates in part and affirms in part the Board's June 21, 2016 decision, and remands the matter to the Board for further proceedings consistent with this opinion.

Brantley is an inmate at the State Correctional Institution (SCI) at Waymart (SCI-Waymart). On March 12, 1999, Brantley was sentenced to 5 to 10 years of incarceration for robbery (Original Sentence). On April 8, 2002, Brantley was paroled to the Joseph E. Coleman Center (Coleman), a community corrections center (CCC). As a condition of Brantley's parole, upon completion of his program at Coleman, Brantley was to be transferred to Minsec, Inc., a CCC in Chester, Pennsylvania (Minsec).[2] *See* Certified Record (C.R.) at 9. On October 11, 2002, Brantley was declared delinquent. On December 4, 2002, Brantley was returned to SCI-Graterford and on January 31, 2003, Brantley was recommitted as a technical parole violator. On February 2, 2004, Brantley was paroled to CCC Kintock-Erie (Kintock-Erie). On July 5, 2004, Brantley absconded from Kintock-Erie and failed to return. On July 31, 2004, Brantley was arrested on bank robbery charges. He was convicted of those charges on July 12, 2005, and was sentenced to 144 months of incarceration in a federal institution and 3 years of probation.

---

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Because Brantley has only a statutory right to counsel, counsel need only submit a no-merit letter in support of a petition to withdraw.

> A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. . . . We will not deny a motion to withdraw in cases where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief; we will instead judge the case by the lack of merit standard inherent in a no-merit letter.

*Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69-70 (Pa. Cmwlth. 2013).

[2] The Certified Record does not clearly confirm that Brantley was actually transferred to Minsec. The references to Minsec in this opinion are relevant only to the extent that Brantley was transferred thereto.

On January 12, 2015, Brantley was transferred to SCI-Waymart. On April 1, 2015, the Board notified Brantley that, on February 26, 2015, it voted to recommit him as a technical parole violator to serve 6 months backtime and to recommit him as a convicted parole violator to serve the unexpired term of his Original Sentence (April 1, 2015 Notice).[3] The Board calculated Brantley's maximum sentence release date as October 16, 2018. On April 29, 2015, Brantley submitted an Administrative Remedies Form and accompanying memorandum (April 29, 2015 Administrative Remedies Form), wherein he challenged the Board's calculation in the April 1, 2015 Notice, specifically objecting to the Board's failure to credit the time he spent at Kintock-Erie. On November 10, 2015, the Board held an evidentiary hearing regarding the nature of Brantley's custody at Kintock-Erie. On December 30, 2015, the Board issued its decision denying Brantley credit for time spent at Kintock-Erie.

On January 21, 2016, Brantley filed an Administrative Remedies Form from the Board's April 1, 2015 Notice challenging the Board's authority to recalculate his maximum release date, as well as the Board's calculations of his backtime owed. (January 21, 2016 Administrative Remedies Form). Brantley also submitted a memorandum of law arguing therein that the Board lacked authority to place parolees into CCCs such as Kintock-Erie. Brantley further asserted that he is entitled to backtime for the periods April 8, 2002 to September 11, 2002, September 11, 2002 to October 11, 2002, and February 2, 2004 to July 5, 2004. In addition, Brantley incorporated the arguments raised in his April 29, 2015 Administrative Remedies Form and accompanying memorandum. On June 21, 2016, the Board issued its decision denying Brantley relief.

---

[3] The April 1, 2015 Notice communicated that Brantley was recommitted to serve his unexpired term of 3 years, 9 months and 5 days. Importantly, the April 1, 2015 Notice did not explain that Brantley had forfeited his time between April 8, 2002 and October 11, 2002.

On August 16, 2016, Brantley, pro se, filed his Review Petition[4] in this Court, wherein he alleged that the Board erred in denying him backtime credit for the periods April 8, 2002 to September 11, 2002 (time Brantley spent at Coleman and/or Minsec), September 11, 2002 to October 11, 2002 (time Brantley spent at Coleman and/or Minsec), and February 2, 2004 to July 5, 2004 (time Brantley spent at Kintock-Erie).[5]    Brantley further averred that the Board lacked authority to

---

[4] On July 13, 2016, Brantley filed a mandamus action with this Court challenging the Board's June 21, 2016 decision.  This Court dismissed the mandamus action, but preserved the July 13, 2016 filing date for Brantley's Review Petition.

[5] It appears from the record that the issue of whether the time Brantley spent at Coleman and Minsec (starting in April 2002) was equivalent to incarceration was not previously at issue because as a result of Brantley's delinquency on October 11, 2002, Brantley was "only recommitted as a technical parole violator, which did not authorize forfeiture of credit for time spent at liberty on parole." C.R. at 103.  A review of Brantley's April 29, 2015 Administrative Remedies Form shows that Brantley was likely unaware that the Board's February 26, 2015 recalculation of his maximum release date based on his status as a convicted parole violator had resulted in the forfeiture of his time between April 8, 2002 and October 11, 2002 because the April 1, 2015 Notice did not communicate the same.  Thus, it also appears that at the time of the evidentiary hearing regarding Kintock-Erie, Brantley was unaware that his 2002 time had been forfeited.  In its June 21, 2016 decision, the record evidence reveals that the Board for the first time, explained to Brantley that "[i]n addition to the current period you were at liberty on parole, you also forfeited credit for the 186 days you were previously at liberty on parole from April 8, 2002 (date of prior parole) to October 11, 2002 (date of delinquency on prior parole)." C.R. at 103.  By the time Brantley filed his January 21, 2016 Administrative Remedies Form, he had discovered that his 2002 time had been forfeited.  Brantley did not explicitly reference Coleman and/or Minsec in his Administrative Remedies Forms.  However, his memorandum accompanying his January 21, 2016 Administrative Remedies Form states, in relevant part: "**To be clear; the days and months (approximately 11 months) in dispute are: from April 8, 2002 up until Septe[]mber 11, 2002 (which also includes another month[] from September 11, 2002 to October 11, 2002); and approximately another five (5) months – from February 2, 2004 until July 5, 2004.**" C.R. at 93 (emphasis added).

Notably, in his Review Petition, Brantley avers:

> Petitioner[] will rely upon the foregoing case law to support my request for time spent *in custody* at both Coleman [] and SCI-Chester, as CCCs, from my initial parole on April 8, 2002 until September 2002, with an additional 1 month of compliance on parole; and then from the time I spent *in custody* at Kintock[-]Erie [], from February 2, 2004 until July 5, 2004, having come from a SCI both times *directly* to the CCCs.

Review Petition at 3.

recalculate his maximum release date and to place parolees in CCCs, and improperly calculated his backtime.[6] By September 9, 2016 Order, this Court appointed Counsel to represent Brantley. On January 23, 2017, Counsel filed his Withdrawal Application and an *Anders* brief.

> Initially,
>
> [w]hen evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, our first task is to determine whether counsel satisfied the following procedural requirements: (i) he must notify the inmate of his request to withdraw; (ii) he must furnish the inmate with a copy of a brief in accordance with *Anders v. State of Cal.,* 386 U.S. 738 . . . (1967), or a no-merit letter; and (iii) he must advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf.

*Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). On August 8, 2017, finding that Counsel had failed to satisfy the procedural prerequisites for withdrawal, this Court denied Counsel's Withdrawal Application without prejudice and granted Counsel 30 days to either file a renewed withdrawal application and amended *Anders* brief, or submit a brief on the merits.

Counsel has now filed his Renewed Withdrawal Application and Amended *Anders* Brief. Therein, Counsel represents that he has satisfied the technical requirements for withdrawal. Counsel attached to his Renewed Withdrawal Application a copy of his October 6, 2017 letter to Brantley transmitting the

---

This Court notes that Brantley's reference to "SCI-Chester" is confusing. *Id.* The Department of Corrections' Moves Report for Brantley does not reference that he spent any time at SCI-Chester. *See* C.R. at 49. It is possible that Brantley's reference to "SCI-Chester" is a reference to Minsec, which is located in Chester, Pennsylvania. Review Petition at 3.

[6] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

Amended *Anders* Brief and Renewed Withdrawal Application, and his proof of service. In the letter, Counsel informed Brantley that he reviewed the issues Brantley raised in his Review Petition together with the subject record, and found no merit in Brantley's position. Counsel further advised Brantley that he had the right to answer or object to the Amended *Anders* Brief and/or Renewed Withdrawal Application. Finally, Counsel notified Brantley that he had the right to proceed pro se or hire a private attorney.

In his Amended *Anders* Brief, Counsel represented to this Court:

> Counsel . . . has made a conscientious examination of the record, the controlling case law and the applicable statutes and asserts that he has identified for the Court those issues that [C]ounsel has identified as arguably supporting the appeal and the testimony that would arguably support them and that he has identified for the Court those issues that [Brantley] would have raised on appeal and testimony that would arguably support them and has determined the appeal would be wholly frivolous.

Counsel's Amended *Anders* Brief at 8.

This Court must "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). In his Amended *Anders* Brief, Counsel addresses the following five issues Brantley raised in his Review Petition and concluded that each is meritless: (1) whether the Board lacked authority to recalculate Brantley's maximum release date; (2) whether the Board lacked authority to place parolees in CCCs; (3) whether the Board erred in denying Brantley administrative relief from the Board's decision setting Brantley's new maximum release date; (4) whether the Board erred by failing to give Brantley credit for the periods April 8, 2002 to September 11, 2002,

6

September 11, 2002 to October 11, 2002 and February 2, 2004 to July 5, 2004; and, (5) whether the Board erred in calculating Brantley's backtime.

First, this Court will review Brantley's contention set forth in his January 21, 2016 Administrative Remedies Form that the Board lacks authority to recalculate his maximum release date.

This Court recently explained:

> The Prisons and Parole Code (Parole Code)[7] provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa.C.S. § 6138(a)(1). If the parolee is recommitted as a convicted parole violator, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, **with no credit for the time at liberty on parole**, unless the Board, in the exercise of its sole discretion, chooses to award credit. 61 Pa.C.S. §§ 6138(a)(2), (2.1).

*Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 997 (Pa. Cmwlth. 2016) (emphasis added). Section 6138(a) of the Parole Code authorizes the Board to recalculate a convicted parole violator's maximum sentence date to account for his forfeited street time.[8] 61 Pa.C.S. § 6138(a). Our Supreme Court has long held that "the . . . Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979); *see also Davidson v. Pa. Bd. of Prob. & Parole*, 33 A.3d 682 (Pa. 2011). Accordingly, Brantley's argument is without merit.[9]

---

[7] Prisons and Parole Code, 61 Pa.C.S. §§ 101-6309.

[8] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[9] In support of his argument that the Board did not have the authority to alter his maximum release date, Brantley quotes this Court's decision in *Nickson v. Pennsylvania Board of Probation & Parole*, 880 A.2d 21 (Pa. Cmwlth. 2005), wherein the Court stated that "it is the [Department of Corrections] that is 'responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction.' This right and responsibility is exclusive to the Department of

Brantley also asserts that the Board lacked authority to place parolees in CCCs. It appears that Brantley is arguing that since he was still in the Department of Corrections' custody, he is entitled to credit for his time spent at the CCCs.

Brantley relies on *McMillian v. Pennsylvania Board of Probation & Parole*, 824 A.2d 350 (Pa. Cmwlth. 2003) in support of his position. Therein, the CCC's assistant director testified "that an inmate . . . who came to the facility directly from the correctional institution, was in pre-release status and not technically on parole yet." *Id.* at 353. Brantley appears to be arguing that because this Court found that there were sufficient restraints on McMillian's liberty to constitute confinement equivalent to incarceration, all such assignments to CCCs must constitute confinement equivalent to incarceration. Importantly,

> [i]n . . . *McMillian* . . . , we found that the conditions at the [particular CCC] were sufficiently restrictive so as to

Corrections. [The p]etitioner failed to join the Department of Corrections as a necessary party." *Id.* at 24 (quoting *Gillespie v. Dep't of Corr.,* 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987)).

*Nickson* is inapposite. In *Nickson*, the Board was unaware that a court had imposed a second, consecutive sentence, and thus, it paroled Nickson. Upon learning of the second sentence, the Board determined the circumstances constituted good cause to rescind Nickson's parole. Nickson filed a petition with this Court seeking review of the Board's action, requesting immediate release and that his sentence be returned to its status at the time he was paroled. This Court explained:

> [The p]etitioner has no clear legal right to the relief he requests from the Board, and the Board has no corresponding duty. If the Board immediately re-paroled [the p]etitioner, it would violate [the law]. Also, the Board lacks authority to adjust the dates of [the p]etitioner's aggregated sentence. [The p]etitioner's aggregated minimum sentence will expire on July 5, 2005. At that time, if the Board determines [the p]etitioner is qualified, it may release him on parole. Accordingly, the Board's preliminary objection in the nature of a demurrer is sustained, and the other preliminary objections are overruled as moot.

*Id.* at 24. Therefore, in *Nickson*, this Court merely explained that the Board may not modify a sentence to parole a prisoner contrary to statute. *Nickson* does not support Brantley's contention that the Board lacks authority to modify his maximum release date, since the Board is statutorily authorized to do so under the instant circumstances.

8

> constitute custody for purposes of time credit under Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760. However, in a subsequent decision, this Court limited the applicability of *McMillian* to the situation where the petitioner is in pre-release status rather than on parole. *Wagner v. P[a.] B[d.] of Prob[. &] Parole*, 846 A.2d 187 (Pa. Cmwlth. 2004). *See also Weigle* [*v. Pa. Bd. of Prob. & Parole*], 886 A.2d [1183,] 1189 [(Pa. Cmwlth. 2005)] (noting limitation on applicability of *McMillian*). This is an important distinction since a convict on pre-release status is under the jurisdiction of the Department of Corrections, not the Board.

*Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 953 (Pa. Cmwlth. 2006). Because the Certified Record reflects that Brantley was placed in Coleman and Kintock-Erie as a condition of his parole, rather than as a pre-release prisoner, *McMillian* is inapposite. *See* C.R. at 7, 9, 10, 16-19.

Brantley further contends that the Board erred when it denied him administrative relief from its decision setting Brantley's maximum release date. The Board explained in its June 21, 2016 response to Brantley's January 21, 2016 Administrative Remedies Form:

> The Board paroled you from a [SCI] on February 2, 2004 with a max date of May 4, 2007. This means you had a total of 1187 days remaining on your sentence (from [February 2, 2004] to [May 4, 2007] = 1187 days). As previously stated, the Board did not award you credit for time at liberty on parole. In addition to the current period you were at liberty on parole, you also forfeited credit for the 186 days you were previously at liberty on parole from April 8, 2002 (date of prior parole) to October 11, 2002 (date of delinquency on prior parole). This time was not taken based on your prior recommitment because you were only recommitted as a technical parole violator, which did not authorize forfeiture of credit for time spent at liberty on parole. However, because you are now a convicted parole violator, this time is now forfeited as well. *Houser v. [Pa.] B[d.] of Prob[. &] Parole*, 682 A.2d 1365 (Pa. [Cmwlth.] 1996). This means you actually had 1373 days remaining on your sentence (1187 days + 186 days = 1373 days).

9

C.R. at 103.

The law is well-settled that a parolee may be entitled to backtime credit for time spent in a residential facility, including a halfway house, if the inmate demonstrates that the residential facility's characteristics are equivalent to incarceration. *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680 (Pa. 1985); *see also Harden v. Pa. Bd. of Prob. & Parole*, 980 A.2d 691 (Pa. Cmwlth. 2009) (en banc). However,

> this Court repeatedly holds that parolees are not entitled to credit for periods in which they reside in . . . []CCCs[], [community corrections facilities], or inpatient treatment programs where the Board determines the parolees did not meet their burden of proving the restrictions on their liberty were the equivalent of incarceration.

*Medina v. Pa. Bd. of Prob. & Parole*, 120 A.3d 1116, 1119 (Pa. Cmwlth. 2015). "The most important factors are 'whether the . . . resident[] is locked in and whether [he] may leave without being physically restrained.'" *Figueroa*, 900 A.2d at 952 (quoting *Detar v. Pa. Bd. of Prob. & Parole*, 890 A.2d 27, 31 (Pa. Cmwlth. 2005)).

Relying on *Cox*, Counsel contends that Brantley failed to demonstrate that the inpatient program at Kintock-Erie had specific characteristics of confinement constituting restrictions on liberty sufficient to warrant credit on recomputed backtime for the period February 2, 2004 to July 5, 2004. At the Board's November 10, 2015 evidentiary hearing, Brantley testified that Kintock-Erie was secure and that offenders were not permitted to leave, except to work or to attend medical appointments. Specifically, Brantley stated, "I was under [Kintock-Erie's] supervision[] where I had to sign-in and sign-out, take the account, and I had to live by [its] rules and regulations." C.R. at 67. He further explained: "Upon coming in, they would buzz you in and buzz you out upon leaving. You couldn't just . . . leave at your own will. You had to be buzzed in and out." C.R. at 68. Brantley also

10

testified that Kintock-Erie's doors were locked and, except when he had explicit permission to go to work or medical appointments, he was not allowed to leave the facility. On cross-examination, he admitted that there was no fence around Kintock-Erie, and that the door led directly to the street.

Kintock-Erie Center Director Coates (Coates)[10] testified that during Brantley's stay, staff had no authority to restrain residents who demanded to leave. If a resident demanded to leave, staff would try to persuade the resident to stay. However, a resident who insisted on leaving would be released. On cross-examination, Coates admitted that, in order to leave, a resident would submit a pass to the case manager. Otherwise, a resident was not free to leave **unless the resident demanded to be let out.** The Board found Coates' testimony credible and, based thereon, concluded that the restrictions on Brantley's liberty at Kintock-Erie were not equivalent to incarceration. As this Court stated in *Medina*:

> We must defer to the Board, as fact-finder, on this factual issue rather than opting for our own interpretation of the evidence. *See Pastuszek v. Pa. Bd. of Prob. & Parole, . . .* 544 A.2d 1051 ([Pa. Cmwlth.] 1988) (it is the Board's exclusive province as fact-finder to assess the credibility of witnesses and assign the appropriate weight to their testimony; the Board is free to reject even uncontradicted testimony).

*Medina,* 120 A.3d at 1124. Thus, we hold that the Board properly concluded that Brantley was not entitled to credit for time spent at Kintock-Erie.[11]

---

[10] At the Board's November 10, 2015 evidentiary hearing, Coates was identified only by his first initial, "D" and his last name. *See* C.R. at 71-72.

[11] As this Court recognized in *Outlaw v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 1698 C.D. 2012, filed October 31, 2013):

> [O]ther parolees[ have had a] lack of success in showing that the restrictions at Kintock[-]Erie . . . are equivalent to imprisonment. *See Rosa-Perez v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 2548 C.D. 2010, filed August 2, 2011); *VanHook v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 1675

11

Next, this Court reviews Brantley's contention that he is entitled to backtime credit for the periods April 8, 2002 to September 11, 2002 and September 11, 2002 to October 11, 2002. Counsel asserts that the Board properly denied Brantley credit, and correctly noted that a convicted parole violator is not entitled to credit against his maximum sentence for time spent at liberty on parole. *See Hammonds.* Notwithstanding, both Counsel and the Board failed to address the issue raised in Brantley's inartfully-drafted January 21, 2016 Administrative Remedies Form and supporting documents: that since Brantley was also seeking credit for the time he spent at Coleman and Minsec (April 8, 2002 to October 11, 2002), the Board must consider whether the restrictions on Brantley's liberty while at Coleman and Minsec were the equivalent of incarceration. If so, Brantley was not at liberty on parole for the time periods he spent at those CCCs, and he is entitled to credit for the time he spent there. However, the Board made no such determination, and it appears that the Board did not afford Brantley a hearing to prove that the restrictions imposed on him while at Coleman and Minsec were the equivalent of incarceration. Accordingly, we conclude that the Board must hold an evidentiary hearing to determine whether the restrictions on Brantley's liberty while at Coleman and Minsec were the equivalent of incarceration, and if so, it must credit Brantley for such time. *See Cox.* Under the circumstances, Counsel's Renewed Withdrawal Application is

---

C.D. 2010, filed April 15, 2011); *Armstrong v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 851 C.D. 2010, filed February 1, 2011); *Wise v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth. No. 1054 C.D. 2008, filed November 7, 2008).

*Outlaw*, slip op at 5 n.4. This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

denied, and this matter is remanded to the Board for the purpose of holding a hearing and making a determination as set forth above.[12]

For all of the above reasons, Counsel's Renewed Withdrawal Application is denied. Further, this matter is remanded to the Board to conduct a hearing to determine the nature of Brantley's stay at Coleman and Minsec. If, after the hearing, the Board determines Brantley has proven that the restrictions on his liberty at one or both of those CCCs were equivalent to incarceration, it shall credit Brantley for such time. The Board's decision is affirmed in all other respects.

_____
ANNE E. COVEY, Judge

---

[12] Brantley also contends that the Board erred in calculating his backtime. Upon review of the Board's analysis, we discern no error beyond the Board's failure to hold a hearing to determine whether Brantley's time at Coleman and Minsec constituted confinement sufficiently restrictive for purposes of receiving backtime credit, and if so, its failure to award any such credit.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lee Brantley, : 
                    Petitioner : 
                                  : 
             v. : 
                                    : 
Pennsylvania Board of Probation : 
and Parole and the Pennsylvania : 
Department of Corrections, :    No. 1372 C.D. 2016
                 Respondents : 

## O R D E R

AND NOW, this 12th day of March, 2018, Steven E. Burlein, Esquire's Renewed Motion For Leave to Withdraw as Counsel is denied.

The Pennsylvania Board of Probation and Parole's (Board) June 21, 2016 decision denying William Lee Brantley's (Brantley) request for administrative relief is vacated in part and affirmed in part. The Board's decision with respect to backtime credit for the period April 8, 2002 to October 11, 2002 is vacated. This matter is remanded to the Board to conduct a hearing for the purpose of determining the nature of Brantley's stay at Joseph E. Coleman Center and Minsec, Inc. If, after the hearing, the Board determines Brantley has proven that the restrictions on his liberty were the equivalent of incarceration, it shall credit Brantley for such time and calculate a new maximum release date. Otherwise, the Board's June 21, 2016 decision calculating Brantley's maximum release date as October 16, 2018 shall be reinstated. The Board's decision is affirmed in all other respects.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge