Anthony McMILLIAN, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 2003.

Decided April 21, 2003.

Reargument Denied June 24, 2003.

---

Ellen K. Barry, Carlisle, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Anthony McMillian petitions for review of the order of the Pennsylvania Board of Probation and Parole denying his administrative appeal.

On May 3, 1999, McMillian was released from the State Correctional Institution at Albion to Capitol Pavilion Community Corrections Center, where he stayed until October 20, 1999, when he completed the community corrections program. McMillian's parole supervision history indicates that he received additional sanctions in February 2000, and that on July 13, 2000, he was recommitted to Capitol Pavilion for violation of his parole condition 5c, refrain from assaultive behavior. He remained at Capitol Pavilion until July 28, 2000. On September 26, 2000, McMillian was arrested in connection with a domestic incident. He was subsequently convicted of simple assault.

McMillian was recommitted to a state correctional institution as a convicted parole violator to serve his unexpired term of 1 year, 4 months, and 9 days, with a new maximum date of January 29, 2003. By recalculation order mailed on January 2, 2002, the Board gave McMillian credit for 1 month and 17 days spent in custody on a Board warrant, setting a new maximum date of December 22, 2002. He sought a panel hearing to contest the calculation of his unexpired term, alleging that he was entitled to credit for time spent at Capitol Pavilion on the ground that its rules and regulations restricted his liberty to an extent that his stay there warrants credit against his sentence. After taking evidence, the Board ruled that McMillian's time at Capitol Pavilion was not custodial in nature such as to entitle him to credit against his unexpired term. The Board's decision, mailed September 5, 2002, denying McMillian credit for time spent at Capitol Pavilion bore a parole violation maximum date of December 22, 2002. The Board denied McMillian's administrative appeal by letter dated October 22, 2002.

On appeal, McMillian argues that the Board erred in failing to give him credit for time spent at Capitol Pavilion because the community corrections center was suf-

ficiently restrictive as to constitute custody and not liberty on parole. The Board argues that McMillian was at liberty during his time at Capitol Pavilion because he was not in official detention and that by its very nature, parole constitutes constructive custody and confinement within boundaries set by the Board. It argues that the only time a parolee is not "at liberty" is when he or she is under arrest waiting to be returned to prison. Because McMillian was at liberty when he was residing at Capitol Pavilion, the Board argues, pursuant to the law governing parole, he is not entitled to credit for that time.

As a convicted parole violator, McMillian is not entitled to credit for any time spent "at liberty" on parole. Section 21.1 of the law known as the Parole Act,[1] 61 P.S. § 331.21a(a). Credit for time served in custody is determined pursuant to Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760.[2]

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending resolution of an appeal.

\* \* \* \*

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

The question is whether time spent in a community corrections center constitutes time spent in custody such that a defendant or inmate is entitled to credit against his maximum sentence, a question of first impression.

■ In the absence of a statutory definition of "custody," our Supreme Court has determined that "custody" is broader than the term "imprisonment" and includes other forms of legal restraint. *Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490 (2001). Whether a form of legal restraint constitutes custody for the purpose of sentencing credit is determined by the extent of control exercised by the restraining authority. *Id.*

In *Chiappini,* a convicted criminal defendant was subject to home confinement and electronic monitoring during the pendency of his motion for a new trial. The home confinement/electronic monitoring program, run by county prison authorities, required the participant to wear a non-removable bracelet and be subject to monitoring by telephone and visits at any time of day or night. The Supreme Court con-

---

**1.** Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401.

**2.** *See Williams v. Pennsylvania Board of Probation and Parole,* 816 A.2d 366 (Pa.Cmwlth. 2003).

cluded that time spent on house arrest with electronic monitoring constituted custody in that the electronic restraints enabled prison authorities to restrain and severely limit the person's freedom to move freely and exceeded the restrictions imposed on a defendant who is released on his own recognizance or upon condition that he not leave the jurisdiction.

In the context of a sentence of imprisonment under the vehicle code for driving under the influence of alcohol, the Supreme Court has held that time served in a voluntary in-patient drug rehabilitation constituted "imprisonment" for purposes of credit toward a mandatory minimum sentence. *Commonwealth v. Conahan,* 527 Pa. 199, 589 A.2d 1107 (1991). The Court concluded that the custodial, in-patient rehabilitation took place in a sufficiently institutional setting to entitle the defendant to credit against his sentence. It concluded that in the custodial hospital environment the defendant was restrained in his liberties and that if he violated this custody he would not have received credit. Despite the vehicle code context, the Court specifically stated, "Pursuant to 42 Pa.C.S. § 9760, a defendant may be given a credit for time spent in custody, and we firmly believe that "custody" in this sense includes time spent in institutionalized rehabilitation and treatment programs." 527 Pa. at 202, 589 A.2d at 1109.

■ The present case is factually more similar to *Conahan* than to *Chiappini,* in that the community corrections center is an institutionalized setting. Capitol Pavilion's assistant director, Alicia Lewis, testified that inmates are subject to a 72–hour processing period during which they are not permitted to leave the facility at all, and after which they are assigned a counselor and required to comply with the facility's rules and regulations, including mandatory participation in all programs and permitted leisure time based on the inmate's status and behavior. Ms. Lewis testified that an inmate such as McMillian who came to the facility directly from the correctional institution, was in pre-release status and not technically on parole yet. Capitol Pavilion files reports with the Department of Corrections when an inmate in pre-release status leaves without permission or fails to participate in its mandatory programs; it files reports with the Board in the case of parolees who have been returned to Capitol Pavilion for violation of a condition of parole as an alternative to immediate recommitment.

Having considered the extent of control authorities exercised over McMillian at Capitol Pavilion, we must conclude that the time he spent there provided sufficient restraints on his liberty as to constitute custody for purposes of time credit under Section 9760 of the Sentencing Code. Unlike the general conditional liberty of parole, a pre-release inmate or parolee confined to a community corrections center is sufficiently restrained, physically and constructively, as to be in custody.

■ When an event occurs that makes it impossible for the requested relief to be granted, an appeal will be dismissed for mootness. *Benoff v. Zoning Board of Adjustment,* 107 Pa.Cmwlth. 578, 528 A.2d 705 (1987). An exception to the mootness doctrine permits review of an issue that is technically moot, but capable of repetition and likely to evade review. *In re Hasay,* 546 Pa. 481, 686 A.2d 809 (1996). Although the record indicates that McMillian's parole violation maximum term expired on December 22, 2002, neither of the parties has raised the issue of mootness or the impossibility of applying the requested credit for time served in Capitol Pavilion. The record does not indicate whether McMillian is still in prison

or to what term of imprisonment the credit may be applied.

Accordingly, we reverse the determination of the Board denying McMillian credit for time spent in Capitol Pavilion community corrections center.

## ORDER

AND NOW, this 21st day of April 2003, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed.