IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Devon Arthur Staniger,                        :
                    Petitioner               :
                                              :
         v.                                   :
                                              :
Pennsylvania Board of                         :
Probation and Parole,                         :    No. 1388 C.D. 2017
                    Respondent               :    Submitted: May 11, 2018


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  July 27, 2018


         Devon Arthur Staniger (Staniger) petitions for review from the
Pennsylvania Board of Probation and Parole's (Board) order dated September 13,
2017 denying his request for administrative relief challenging the recalculation of
his parole violation maximum sentence date.  Staniger is represented by Kent D.
Watkins (Counsel) who asserts that the appeal is without merit and seeks permission
to withdraw as counsel.  For the foregoing reasons, we deny Counsel's request
without prejudice and order Counsel to file an amended petition to withdraw and a
no-merit letter or a brief within 30 days.

         On April 29, 2009, Staniger was sentenced to a term of two years, three
months to six years of incarceration as a result of his guilty plea to two charges of
drug manufacturing, sale and possession with intent to deliver with an initial

minimum sentence date of October 20, 2010 and a maximum sentence date of July 20, 2014. Certified Record (C.R.) 1-3. On October 25, 2010, the Board paroled Staniger to the State Correctional Institution (SCI) at Mercer. *Id.* at 6. Staniger had some difficulty abiding by his parole conditions; thus, the Board placed him at the MinSec Hazleton Treatment Center (MinSec Hazleton). *Id.* at 11, 15. On February 1, 2012, the Board declared Staniger delinquent, lodged a detainer and confined him at SCI-Mahanoy pending disposition of his technical violations. *Id.* at 12-14. Staniger admitted to technical parole violations, and the Board recommitted him to serve nine months of backtime. *Id.* at 17-18, 24-25. On January 23, 2012, the Board re-paroled Staniger to MinSec Hazleton but, again, declared Staniger delinquent as of February 18, 2013. *Id.* at 11, 29-34.

On May 27, 2014, the Board lodged a detainer against Staniger. *Id.* at 35. On the same day, the police arrested Staniger and incarcerated him at the Lackawanna County Prison for technical violations of parole. *Id.* at 36. After admitting to the technical parole violations, the Board recommitted Staniger to a SCI or contracted county jail to serve six months of incarceration. *Id.* at 41, 50-52. The Board recalculated Staniger's maximum sentence date to October 26, 2015, accounting for his delinquency from February 18, 2013 to May 27, 2014. *Id.* at 53.

On November 27, 2014, the Board re-paroled Staniger from Lackawanna County Prison to the Luzerne County Prison Work Release (Luzerne program). *Id.* at 54-58. On December 16, 2014, the Board lodged a detainer, arrested Staniger for technical violations of parole and transferred him to the Lackawanna County community corrections program. *Id.* at 59-60. After a preliminary hearing on the technical violations of parole, the Board found probable cause for a violation charge and ordered Staniger detained in a parole violator center.

*Id.* at 69-70.  The Board held the violation hearing in "abeyance" pending Staniger's completion of "recommended programming."  *Id.* at 69.  Staniger completed the program on March 30, 2015, and the Board subsequently transferred Staniger to Wernersville Community Corrections Center.  *Id.* at 89.

On June 5, 2015, the Board declared Staniger delinquent, and the police arrested Staniger and charged him with several crimes.  *Id.* at 72-78.  On June 21, 2015, the Board lodged a detainer against Staniger for violating the terms of his parole, and he was incarcerated in the Berks County Prison as he was unable to post bail.  *Id.* at 79-80.  On June 28, 2015, Staniger admitted to technical parole violations. *Id.* at 93-94.  By order recorded July 27, 2015, the Board ordered Staniger to remain detained pending the outcome of the criminal charges and recommitted him to a SCI or contracted county jail as a technical parole violator to serve 143 days of backtime. *Id.* at 112-13.  The Board added 16 days to Staniger's backtime to account for his delinquency from June 5, 2015 to June 21, 2015.  *Id.* at 114.  The Board recalculated Staniger's maximum sentence date to November 11, 2015, "subject to change if convicted of outstanding criminal charges."  *Id.* at 112.  On December 17, 2015, the Board declared Staniger delinquent for control purposes effective June 20, 2015.  *Id.* at 117.

On January 12, 2016, Staniger pleaded guilty, but mentally ill, to several crimes before the Berks County Court of Common Pleas and, subsequently, admitted to violating his parole.  *Id.* at 105-06, 130.  The Board modified its prior order of July 27, 2015 by recommitting Staniger to a SCI as a "convicted parole violator to serve 9 months concurrently for a total of 9 months backtime, when available, pending parole from (or completion of) [his] Berks County sentence and

3

upon [his] return to" a SCI. *Id.* at 139. The Board, by order mailed August 5, 2016, recalculated Staniger's maximum sentence date to July 6, 2018. *Id.* at 141.

On August 16, 2016, Staniger, *pro se*, filed an Administrative Remedies Form with the Board, followed by several pieces of correspondence, challenging his recalculated maximum sentence date and requesting the appointment of counsel. *Id.* at 148-83. Counsel entered his appearance on behalf of Staniger by letter dated February 16, 2017. *Id.* at 184. The Board affirmed the decision to recalculate Staniger's maximum sentence date to July 6, 2018 by correspondence mailed September 13, 2017. *Id.* at 189-90.

On October 3, 2017, Staniger, through Counsel, petitioned this Court for review.[1] Subsequently, Counsel filed an application to withdraw as counsel asserting that he received a copy of the certified record from the Board on or after November 28, 2017 and, after review of the record, concluded that the appeal is meritless. Application to Withdraw as Counsel at ¶¶ 6-7. In support of the application to withdraw, Counsel filed a no-merit letter.[2]

---

[1] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[2] Counsel seeking to withdraw may file an *Anders* Brief or a no-merit letter. If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. A constitutional right to counsel requiring an *Anders* Brief exists where the petitioner raises a colorable claim:

(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation appropriate, and that the reasons are complete or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) he must notify the petitioner of the request to withdraw; (ii) he must furnish the petitioner with a copy of a no-merit letter; and (iii) he must advise the petitioner of his or her right to retain new counsel and to raise any new points he or she might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met some but not all of the requirements to withdraw. On February 6, 2018, Counsel filed a Certificate of Service with this Court certifying that he served Staniger, by first class mail, with a copy of the application to withdraw as counsel and the no-merit letter. In the no-merit letter, Counsel advised Staniger of his "right to retain substitute counsel, if he so desires, and of his right to raise any

---

parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support the petition to withdraw. *Id.* at 25-26.

The *Anders* Brief derives its name from a line of cases commencing with the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), which addressed the standards for withdraw of appointed counsel. *Hughes,* 977 A.2d at 22. With respect to the no-merit letter, such letters are referred to by other names, including "*Turner* letter." *Hughes*, 977 A.2d at 24, n.2; *see Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). We will use the terms "brief" and "no-merit letter" when referring to these filings herein.

points which he may deem worthy of merit in a pro se brief filed with this Honorable Court." Counsel's No-Merit Letter at 11. On March 16, 2018, Counsel filed a Certificate of Service with this Court certifying that he served Staniger with a copy of this Court's February 9, 2018 order by first class mail. The February 9, 2018 order gave Staniger 30 days to obtain substitute counsel, at his own expense, and to have new counsel enter an appearance and file a brief, or to file a brief on his own behalf in light of Counsel's request to withdraw.

Turning to the substance of the no-merit letter, Counsel explains that he conducted an "exhaustive examination" of the certified record and researched "applicable case law." *Id.* at 10. Counsel provides a summary of Staniger's history, as provided in the certified record, including his parole dates, delinquencies, Board detainers, arrests and Board orders with recalculated maximum sentence dates. *Id.* at 2-10. Counsel contends that Staniger challenges his recalculated maximum sentence date because the Board failed to give him "credit served exclusively to its warrant"[3] and for time served in "Hazleton and Luzerne's Community Corrections Center." *Id.* at 1. Based on his review of the record, Counsel states "I have concluded that Mr. Staniger's appeal is without merit and lacks support in either law or fact." *Id.* at 2.

However, Counsel's no-merit letter is deficient because he does not provide an explanation to support his conclusion that Staniger's issues are meritless. Counsel states:

> The Pennsylvania Board of Probation and Parole correctly
> determined petitioner owed 333 days until his maximum

---

[3] Staniger contends that the Board did not give him credit for time served when it detained him pursuant to its warrants issued as a result of his delinquencies and pending the outcome of his criminal charges prior to the issuance of its recommitment orders.

on his parole sentence. He had 534 days street time which was forfeited upon his parole revocation. This time was added to the original 333 days owed on petitioner's sentence. From this time was credited his prior period of confinement pursuant to the [B]oard's warrant; a period of 104 days. The remaining 763 days was [sic] added to the petitioner's parole date on the Berks County case, June 3, 2016, resulting in a correctly recalculated maximum sentence date of July 6, 2018. 61 Pa. C.S. § 6138. The record does not reveal any other issues that may be raised on Mr. Staniger's behalf.

*In light of my exhaustive examination of the certified record, and research of applicable case law*, I have concluded that Mr. Staniger's appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous.

*Id.* at 10 (emphasis added). Though Counsel offers his conclusion that Staniger's appeal "has no basis in law or in fact," Counsel provides no explanation as to why the Board's recalculation of Staniger's maximum sentence date was correct. Counsel cites to Section 6138 of the Prisons and Parole Code, 61 Pa. C.S. § 6138, but does not explain how the Board's order complies with this section nor does he cite to a single case to support his conclusion, despite his representation to this Court that he engaged in an "exhaustive examination" of the certified record and researched "applicable case law." *See Zerby*, 964 A.2d at 961 (a no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit).

In addition, Counsel fails to address why it was proper for the Board not to credit Staniger with time served in MinSec Hazleton and the Luzerne program. Staniger, in his request for relief directed to the Board, asserted that some of the 534 days he spent on parole should be credited to him as time spent in custody because

7

he spent some of it in a "halfway house" and/or community corrections center.[4] Although the Board did not expressly address this issue in its September 13, 2017 order,[5] Counsel, in his no-merit letter, recognized that Staniger raised this as an issue. Nevertheless, Counsel's no-merit letter simply does the math presuming that Staniger forfeited the 534 days of street time. Counsel fails to address why it was proper for the Board not to credit the street time; such explanation is critical given that this Court has held that, in limited circumstances, a parolee is entitled to credit for time spent in custody but not in a traditional prison setting such as a halfway house.[6] *Compare Weigle v. Pa. Bd. of Prob. & Parole*, 886 A.2d 1183 (Pa. Cmwlth.

---

[4] Specifically, Staniger, in his August 24, 2016 letter to the Board, asserted, "I believe it is parol [sic] law that only the time I was on the street can be taken not the time I was in jail [sic] my prior parole time that such has been forfeited is the 534 days that is the only time I was on the street." C.R. 156. Staniger attached a copy of the Board's July 25, 2016 recommitment order and noted, to the left of the box where the Board listed the 534 days he spent at liberty on parole that "[t]his is my only street time and some of it was halfway house time." C.R. 153. Further, Staniger, in his December 19, 2016 correspondence to the Board, asserted that he is entitled to credit for time spent in a halfway house or community corrections center and referenced *McMillian v. Pennsylvania Board of Probation and Parole*, 824 A.2d 350, 353 (Pa. Cmwlth. 2003). C.R. 162, 176. While *McMillian* concerned whether an inmate in pre-release status was entitled to credit for time spent in a community corrections center, not a parolee's time in a halfway house, Counsel never addressed the applicability of this case or Staniger's request for credit.

[5] The Board considered Staniger's correspondence part of his administrative appeal as it opened with the following language in its order:

> *This is a response* to correspondence received from you date stamped August 16, 2016 *and the subsequent correspondence we received from you* date stamped August 24, 2016, September 7, 2016, November 17, 2016, December 19, 2016, January 19, 2017, February 7, 2017 and February 13, 2017. Because you object to your recomputed parole violation maximum date of July 6, 2018 and credit applied to your backtime, *your request is considered a petition for administrative review, from the board action recorded July 18, 2016 (mailed August 5, 2016).*

C.R. 192 (emphasis added).

[6] Our Supreme Court noted in *Barge v. Pennsylvania Board of Probation and Parole,* 96 A.3d 360 (Pa. 2014) (concurring statement, Castille, C.J.) that the term "halfway house" refers to community corrections centers or community corrections facilities as defined at 61 Pa. C.S. §

2005) (holding that parolee is entitled to credit for some time spent at a community corrections center when facts showed seven-day black out period during intake when parolee could not leave facility) *with Wagner v. Pa. Bd. of Prob. & Parole*, 846 A.2d 187 (Pa. Cmwlth. 2004) (holding that parolee not entitled to credit for time spent in community corrections center, an inpatient program, when facts showed that doors not locked and parolee could leave the facility unescorted).[7] It is incumbent upon Counsel to explain why the issue raised by Staniger lacks merit. *See Zerby*, 964 A.2d at 962-63 (holding that because Counsel's no-merit letter did not address all of petitioner's arguments and did not provide a substantive explanation of why the issues it does raise are meritless, the court must deny counsel's request to withdraw). In *Presley v. Pennsylvania Board of Probation and Parole*, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999), this Court explained that:

> The purpose of . . . a no-merit letter is to ensure that court-appointed counsel has discharged his or her duty to carefully assess any claims available to an indigent [petitioner]. While a frivolous appeal is neither encouraged nor condoned, counsel's failure to discharge

---

5005. For the purposes of this matter, a "community corrections center" is a "residential program that is supervised and operated by the department in accordance with Chapter 50 (relating to community corrections centers and community corrections facilities)." 61 Pa. C.S. § 6138(f). A "community corrections facility" is a "residential facility operated by a private contractor that: (1) houses offenders pursuant to a contract with the department; and (2) is operated in accordance with Chapter 50." *Id.*

Here, Staniger asserts that he is entitled to some time spent at MinSec Hazleton and the Luzerne program. Because the Board did not address Staniger's argument, the Board held no hearing to collect evidence on the nature of these programs during Staniger's participation.

[7] *See also Meleski v. Pa. Bd. of Prob. & Parole,* 931 A.2d 68 (Pa. Cmwlth. 2007) (holding that parolee entitled to credit for some time spent at inpatient dual diagnosis treatment program when he could not leave the facility); *Torres v. Pa. Bd. of Prob. & Parole*, 861 A.2d 394 (Pa. Cmwlth. 2004) (holding that parolee entitled to credit for some time spent at a community corrections center, an inpatient drug and alcohol rehabilitation facility, when he could leave facility only as directed by facility and when escorted by staff).

such duty will hinder our independent examination of the merits of the appeal.

Because no explanation has been provided to this Court as to why the Board's order is supported, this Court cannot engage in an independent examination of the merits of the appeal.

Based on the foregoing, we conclude that Counsel's no-merit letter is inadequate as it lacks substantial reasons to support Counsel's conclusion that Staniger's arguments lack merit. Thus, we deny Counsel's application, without prejudice, and we direct Counsel to file an amended application to withdraw as counsel and no-merit letter or to file a brief on the merits of the petition for review within 30 days of the date of this decision and order.[8]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We note that Staniger's recalculated maximum sentence date is July 6, 2018, which has passed as of the filing date of this opinion. Based on the certified record before us, this Court cannot ascertain whether this matter still requires adjudication. Counsel should consider addressing this issue in his next filing with this Court, as appropriate.

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Devon Arthur Staniger, :
        Petitioner :
         :
        v. :
         :
Pennsylvania Board of :
Probation and Parole, : No. 1388 C.D. 2017
        Respondent :

## O R D E R

AND NOW, this 27th day of July, 2018, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is DENIED WITHOUT PREJUDICE. Within 30 days of the date of this order, Counsel shall file an amended application to withdraw and a no-merit letter or a brief on the merits of Devon Arthur Staniger's Petition for Review.

_____
CHRISTINE FIZZANO CANNON, Judge