Daniel Rosado, :
                    Petitioner :
                           :
            v. :
                           :
Pennsylvania Board of Probation :
and Parole, : No. 1852 C.D. 2017
               Respondent : Submitted: September 7, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: November 1, 2018


        Daniel Rosado (Rosado) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) November 28, 2017 order denying his Request for Administrative Relief. Northampton County Independent Defense Counsel James L. Best, Esquire (Counsel) was appointed to represent Rosado and has filed a Motion for Leave to Withdraw as Counsel (Withdrawal Motion). After review, we deny Counsel's Withdrawal Motion, vacate the Board's order and remand this matter to the Board.

        Rosado is an inmate at the State Correctional Institution at Coal Township. On August 6, 2013, Rosado plead guilty to 3 counts of aggravated assault, 1 count of manufacture/sale/delivery or possession of a controlled substance with the intent to deliver and 1 count of theft. Rosado was sentenced to $1\frac{1}{2}$ to 3 years of incarceration (Original Sentence). At that time, his maximum sentence release date was May 8, 2016. On May 15, 2015, Rosado was paroled to the Joseph E. Coleman

Center (Coleman Center), and released thereto on June 22, 2015. As a condition of his parole, Rosado agreed:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 10. Rosado did not object to the above-quoted parole condition. On September 19, 2015, Rosado absconded from the Coleman Center and, on February 26, 2016, he was arrested for violations of the Pennsylvania Uniform Firearms Act of 1995[1] (New Charges). On February 29, 2016, the Board issued a Warrant to Commit and Detain Rosado. On March 22, 2016, a Board hearing was held, wherein Rosado waived the hearing and admitted to technical parole violations, was recommitted as a technical parole violator and was ordered to serve 6 months of backtime. Rosado's new maximum sentence release date was October 18, 2016.

On July 21, 2016, Rosado pled guilty to the New Charges and was sentenced to 1 to 2 years of incarceration plus 3 years of probation. The trial court also revoked a prior probation and sentenced Rosado to 1 to 2 years of incarceration, to be served concurrently. On November 14, 2016, the Board held a revocation hearing, wherein Rosado admitted to being a Convicted Parole Violator (CPV). By Board order mailed March 14, 2017, the Board directed Rosado to serve the balance of his Original Sentence, *i.e.*, 10 months and 16 days, concurrently with the 6 months he received for being a technical parole violator. Rosado's new maximum sentence release date was recalculated to June 6, 2017.[2] On March 25, 2017, Rosado submitted a Request for Administrative Relief challenging the Board's decision. On

---

[1] 18 Pa.C.S. §§ 6101-6126.
[2] Although this date has passed, Rosado is still incarcerated on the New Charges.

November 20, 2017, the Board denied Rosado's Request for Administrative Relief. Rosado appealed to this Court.[3] Thereafter, Counsel filed his Withdrawal Motion and no-merit letter.

This Court has held that, in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with . . . a no-merit letter satisfying the requirements of *Turner,* and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's no-merit letter herein, this Court notes that the letter contains the procedural history of Rosado's case, as well as Counsel's review of the record and relevant statutory and case law. Counsel served Rosado with a copy of the no-merit letter and his Withdrawal Motion; however, Counsel has not

---

[3] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

3

demonstrated that he has given Rosado notice of his right to retain new counsel or file his own brief as is required before leave to withdraw may be granted.

As noted above, counsel seeking to withdraw "must advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Nothing in the Withdrawal Motion shows that Counsel advised Rosado of his right to retain new counsel or file his own brief. Counsel represents that the only communication he sent Rosado was the no-merit letter. *See* Withdrawal Motion ¶ 4. The no-merit letter is addressed to the Court, not to Rosado, discusses only the issues and arguments in Rosado's Request for Administrative Relief, and does not mention Rosado's right to retain other counsel or file his own brief. *See* Counsel's No-Merit Letter. Notwithstanding, this Court's June 6, 2018 Order notified Rosado of his right to retain substitute counsel or file a brief on his own behalf. Accordingly, this Court will independently review the merits of Rosado's arguments to determine whether to grant or deny Counsel's Withdrawal Motion.

Essentially, Rosado presents three issues for this Court's review: (1) whether the Board erred by using July 21, 2016 as the start date for both his technical and convicted parole violations, when they were imposed to run concurrently; (2) whether the Board improperly modified his judicially-imposed sentence by changing his maximum sentence release date; and (3) whether the Board erred by not giving him credit for the time he spent at the Coleman Center.[4]

Rosado argues that the Board erred by using July 21, 2016 as the start date for both his technical and convicted parole violations because they were imposed

---

[4] Rosado's issues are difficult to separate, as they are confusing as written and appear to overlap. This Court's statement of the issues is based on a review of Rosado's Request for Administrative Relief and his Petition for Review.

to run concurrently. Rosado appears to assert that because his technical parole violation recommitment was rendered on April 26, 2016, that 6 months of backtime began to run as of that date and, since the sentences were to run concurrently, the CPV sentence should have begun at that time as well. However, on April 26, 2016, Rosado was being held on both the Board's detainer and his New Charges. Rosado was sentenced on the New Charges on July 21, 2016.

The law is well established that when an inmate is held on both a Board detainer and new charges and the inmate does not post bail, the time served is credited to the new sentence, provided the new sentence is longer than the time served. *See Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759 (Pa. 2017); *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003); *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980); *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Here, Rosado did not post bail, and his time served was not longer than his sentence for the New Charges. Thus, Rosado was not available to serve either his technical or convicted parole backtime until July 21, 2016, the date on which he was sentenced on the New Charges. Accordingly, this argument is meritless.

Rosado also argues that the Board improperly modified his judicially-imposed sentence by changing his maximum sentence release date.

> '[B]acktime' is that part of an **existing judicially-imposed sentence** that the Board directs a parolee to complete, following a civil administrative hearing and a finding that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Hughes*, 179 A.3d at 122 (emphasis added). When Rosado was released on parole, 321 days remained on his Original Sentence, which is the difference between his

5

parole date (June 22, 2015) and original maximum sentence date (May 8, 2016). The remainder of Rosado's Original Sentence did not commence until he was sentenced on his New Charges on July 21, 2016. Thus, recalculating Rosado's original maximum sentence release date to include his backtime did not improperly alter his judicially-imposed sentence. Accordingly, this argument is also unfounded.

Finally, Rosado asserts that the Board erred by not crediting him for the time he spent at the Coleman Center. Rosado presents two bases for this contention: (1) the Board gave him credit for the time spent at the Coleman Center when addressing his technical violation, but improperly rescinded that credit when addressing his violation as a CPV; and (2) the Board erred by not granting an evidentiary hearing to determine whether Rosado was entitled to credit for his time served at the Coleman Center.

With respect to Rosado's first contention,[5] pursuant to Section 6138 of the Prisons and Parole Code (Parole Code), if the parolee is **recommitted as a technical parole violator**, "the parolee **shall be given credit for the time served on parole** in good standing . . . ." 61 Pa.C.S. § 6138(c)(2) (emphasis added). However, if the parolee **is recommitted as a CPV**, "except as provided under paragraph (2.1),[6] [**he**] **shall be given no credit for the time at liberty on parole**." 61 Pa.C.S. § 6138(a)(2) (emphasis added). Thus, the Board did not improperly rescind Rosado's credit for time he served at liberty on parole but, rather, properly followed the Parole Code's mandates. Accordingly, this argument has no merit.

Concerning Rosado's second contention, Counsel maintains that Rosado waived this argument when he waived his revocation hearing. This Court disagrees. Even if Rosado had not waived his revocation hearing, he could not have raised the

---

[5] Counsel did not address this argument in his no-merit letter.
[6] Section 6138(a)(2.1) of the Parole Code refers to the Board's discretion to award credit for time at liberty on parole.

6

credit issue because he would not become aware of such credit until he received his recommitment. Rosado's first opportunity to raise this issue was in his Request for Administrative Relief, wherein Rosado expressly cited *McMillian v. Pennsylvania Board of Probation & Parole*, 824 A.2d 350 (Pa. Cmwlth. 2003),[7] to support his position that time spent at a community corrections center provides sufficient restraints to constitute custody.

The law is well settled that a parolee may be entitled to backtime credit for time spent in a residential facility, if the inmate demonstrates that the residential facility's characteristics are equivalent to incarceration. *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680 (Pa. 1985). Parolees have the "burden of proving the restrictions on their liberty were the equivalent of incarceration." *Medina v. Pa. Bd. of Prob. & Parole*, 120 A.3d 1116, 1120 (Pa. Cmwlth. 2015). Under *Cox*, the Board is required to provide a record in order for appellate courts to determine whether a community corrections center is so restrictive as to constitute custody. Here, the Board did not articulate any reasons for its actions, much less hold an evidentiary hearing giving Rosado the opportunity to meet his burden. Accordingly, we remand this matter to the Board to hold an evidentiary hearing to determine whether the Coleman Center's restrictions were equivalent to incarceration.

For all of the above reasons, Counsel's Withdrawal Motion is denied, the Board's order is vacated, and the matter is remanded to the Board to conduct an evidentiary hearing to determine whether Rosado should be awarded credit for his time spent at the Coleman Center.

_____
ANNE E. COVEY, Judge

---

[7] This Court recognizes that in *Wagner v. Pennsylvania Board of Probation & Parole*, 846 A.2d 187 (Pa. Cmwlth. 2004), the Court limited *McMillian's* holding to prisoners in pre-release status and, thus, under the prison authorities' control, as opposed to parolees who are under the Board's supervision.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Rosado,
        Petitioner

      v.

Pennsylvania Board of Probation
and Parole,
        Respondent

:
:
:
:
:
:
:
:    No. 1852 C.D. 2017
:
:

## O R D E R

AND NOW, this 1st day of November, 2018, the Motion for Leave to Withdraw as Counsel filed by Northampton County Independent Defense Counsel James L. Best, Esquire is DENIED.  The Pennsylvania Board of Probation and Parole's (Board) November 28, 2017 order is VACATED, and the matter is REMANDED to the Board for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge