# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jimmy Shaw,                                    :
                        Petitioner             :
                                               :
            v.                                 :
                                               :
Pennsylvania Board                             :
of Probation and Parole,                       :    No. 1853 C.D. 2017
                        Respondent             :    Submitted: December 7, 2018


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  March 18, 2019


Jimmy Shaw (Shaw), pro se, petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) November 6, 2017 order denying his request for administrative relief (Request) from the Board's February 3, 2017 decision that recommitted him to a state correctional institution (SCI) as a convicted parole violator, and changed his maximum sentence release date from December 18, 2016 to October 11, 2019.  Shaw raises two issues for this Court's review: (1) whether the Board erred when it denied him credit for time spent at numerous halfway houses, treatment centers, and county jails; and (2) whether the Board violated his due process rights when it failed to state a reason for denying Shaw credit for time spent at liberty on parole when it recalculated his maximum sentence release date.  After review, we vacate and remand to the Board for further proceedings.

Shaw is an inmate currently confined in SCI - Graterford.  On March 27, 2002, Shaw was sentenced to 7½ to 15 years of incarceration for drug-related

offenses (Original Sentence). At that time, his maximum sentence release date was June 25, 2016.

Between March 23, 2009 and March 8, 2016, Shaw was released on parole numerous times to community corrections centers (CCC), treatment centers and county jails, and was repeatedly recommitted for technical parole violations. On several occasions, Shaw was detained pending the disposition of criminal charges, which were ultimately dismissed or withdrawn.

On March 8, 2016, Shaw was unsuccessfully discharged from Self Help Movement Community Corrections Facility for possessing a urine bottle and admitting to his use of cocaine and Xanax. As a sanction, Shaw was transferred to Coleman Hall Parole Violator Center (Coleman PVC). On the same day, Shaw complained of chest pains and was taken to Temple University Hospital. While in the emergency room, Shaw fled from PVC staff's custody, and later the Philadelphia Police apprehended him, and the Pennsylvania State Police charged him with escape. The Board filed a warrant to commit and detain Shaw. On March 9, 2016, the Philadelphia County Common Pleas Court set Shaw's bail at $100,000.00. Shaw did not post bail. On March 16, 2016, the Board notified Shaw that it was charging him with parole violations and it intended to hold a violation/detention hearing. Shaw waived his right to a hearing and to counsel, and admitted to violating parole condition 7 (pertaining to unsuccessful discharge from a self-help program). By Board decision recorded April 21, 2016, the Board recommitted Shaw for nine months as a technical parole violator and detained him pending disposition of the escape charge.

On September 9, 2016, Shaw pled guilty to escape, a second degree misdemeanor (2016 Conviction), and he was sentenced to two years of probation. On December 5, 2016, the Board notified Shaw of its charges arising from the 2016 Conviction. On that same date, Shaw waived his right to a hearing and counsel, and

2

admitted to the 2016 Conviction. By Board action recorded January 23, 2017 and mailed February 3, 2017, the Board recommitted Shaw for 12 months as a convicted parole violator and denied Shaw credit for his time at liberty on parole. The Board also recalculated Shaw's maximum sentence release date from December 18, 2016 to October 11, 2019 to reflect the loss of 1,127 days of street time.

On March 13, 2017, Shaw filed the Request challenging the Board's maximum sentence release date recalculation. On November 6, 2017, the Board denied the Request and affirmed the Board's decision. On December 4, 2017, Shaw filed a petition for review (Petition) in this Court.[1]

Shaw argues that the Board improperly modified his judicially imposed sentence by changing his maximum sentence release date. Section 6138(a) of the Prisons and Parole Code (Parole Code) provides:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, **may at the discretion of the [B]oard be recommitted as a parole violator.**

---

[1] Shaw's Petition was postmarked December 12, 2017. In a memorandum opinion filed July 17, 2018, this Court raised the issue of the timeliness of Shaw's Petition (which it determined was required to be filed by December 6, 2017), remanded the matter for an evidentiary hearing to afford Shaw an opportunity to proffer evidence establishing when he placed the Petition in the prison mailbox or delivered it to prison officials, and directed the Board to make factual findings thereon and certify the record to this Court, so the Court could determine whether the prisoner mailbox rule cures the Petition's facial untimeliness. On August 17, 2018, the Board held a hearing on the timeliness issue. On October 23, 2018, based upon a certified mailing receipt proving that Shaw submitted his Petition to Department of Corrections (Department) staff on December 4, 2017, and proof that Department staff deducted appropriate postage from Shaw's commissary account on December 4, 2017, the Board concluded that Shaw timely filed the Petition. *See* Certified Record at 284. This Court agrees that Shaw's Petition was timely filed.

Because this Court's July 17, 2018 Order erroneously vacated the Board's November 6, 2017 order when it remanded the matter to the Board, we modify this Court's July 17, 2018 Order to strike therefrom the portion vacating the Board's November 6, 2017 order.

(2) If the parolee's recommitment is so ordered, the parolee **shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.**

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to [f]ederal removal order).

61 Pa.C.S. § 6138(a) (emphasis added).

The Pennsylvania Supreme Court in *Young v. Pennsylvania Board of Probation & Parole*, 409 A.2d 843, 846 (Pa. 1979), addressed the same issue Shaw raises herein and rejected said argument stating, in relevant part:

> *It is the Legislature and not the* [*Board*] *that has extended the maximum,* [*expiration*] *date of his original sentence. . . .*

> It is thus clear that the [Board] has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole, . . . .

*Young,* 409 A.2d at 846 n.5 (emphasis in original) (quoting *Commonwealth ex rel. Ohodnicki v. Pa. Bd. of Parole*, 211 A.2d 433 (Pa. 1965)). Accordingly, the Board

4

did not unlawfully extend Shaw's maximum sentence, but rather, pursuant to its authority under Section 6138(a) of the Parole Code, required Shaw to serve backtime.[2]

> Shaw next contends:
>
> According to the inaccurate records of the [Board, Shaw] was confined to a series of halfway houses, treatment centers and county jails from January 25, 2010 through September 9, 2016 as a direct result of the [Board] repeatedly failing to approve [Shaw's] 'home plans' and forcing him to constantly reside in Clinton County Jail CCJ, Wernersville CCC, Gaudenzia Concept 90, Gaudenzia West Chester Program, Kintock, Siena House, Liberty Management, CEC Luzerne, CCC Coleman Hall, Bethesda Mission, Self Help [Community Corrections Facility], Dauphin County Prison, Philadelphia County Prison, and [SCI -] Graterford on a number of different occasions, during these periods where the time dates are inaccurate/incomplete.

Shaw Br. at 7-8 (footnotes omitted). Shaw cites *McMillian v. Pennsylvania Board of Probation & Parole*, 824 A.2d 350 (Pa. Cmwlth. 2003),[3] to support his position that time spent at a community corrections center provides sufficient restraints to constitute custody.

The law is well settled that a parolee may be entitled to backtime credit for time spent in a residential facility if the parolee demonstrates that the residential

---

[2] '[B]acktime' is that part of an **existing judicially[ ]imposed sentence** that the Board directs a parolee to complete, following a civil administrative hearing and a finding that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 122 (Pa. Cmwlth. 2018) (emphasis added).

[3] This Court recognizes that in *Wagner v. Pennsylvania Board of Probation & Parole*, 846 A.2d 187 (Pa. Cmwlth. 2004), the Court limited *McMillian's* holding to prisoners in pre-release status and, thus, under the prison authorities' control, as opposed to parolees who are under the Board's supervision.

facility's characteristics are equivalent to incarceration. *Cox v. Pa. Bd. of Prob. & Parole*, 493 A.2d 680 (Pa. 1985); *see also Harden v. Pa. Bd. of Prob. & Parole*, 980 A.2d 691 (Pa. Cmwlth. 2009)*; Willis v. Pa. Bd. of Prob. & Parole*, 842 A.2d 490 (Pa. Cmwlth. 2004). The parolee has the burden to prove the restrictions on his liberty were the equivalent of incarceration. *Cox*.

> [T]he entitlement to credit based on the restrictions placed upon a parolee is very fact-specific. Notably, an individual's subjective impression of those restrictions is not dispositive of the question of whether confinement is the equivalent of incarceration. *Detar v. P[a.] B[d.] of Prob[. &] Parole*, 890 A.2d 27, 31 n.10 (Pa. Cmwlth. 2005). The most important factors are 'whether the patient, or resident, is locked in and whether the patient may leave without being physically restrained.' *Id*. at 31 (citing *Cox*).

*Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 952 (Pa. Cmwlth. 2006).

The *Cox* Court required the Board to provide a record in order for appellate courts to determine whether a community corrections center is so restrictive as to constitute custody.[4] Here, the Board did not hold an evidentiary hearing on that issue giving Shaw the opportunity to meet his burden. Accordingly, we remand this matter to the Board to hold an evidentiary hearing to permit Shaw to present evidence regarding the nature of his confinement at the various halfway centers, treatment centers and county jails where he resided while on parole, to consider whether the restrictions at each were equivalent to incarceration and, if so, to award Shaw credit

---

[4] Shaw asserted in his Request:

> The dates of confinement and those of parole and re-parole to a community corrections center or other type of confined housing were approved by the [B]oard and the [Department] . . . and should count as total and continuous confinement on petitioner's original sentence of seven and one half to fifteen (7½ -15) years.

Certified Record at 224.

for any such time. The Board shall thereafter, if necessary, recalculate Shaw's maximum sentence date.

Citing to *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017), Shaw also contends that the Board erred because it failed to state a reason for denying him credit for time spent at liberty on parole (*Pittman* Challenge). In *Pittman*, the Pennsylvania Supreme Court held that

> in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting Subsection 6138(a)(2.1) [of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1)], . . . the Board must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole.

*Pittman*, 159 A.3d at 475.

The Board does not respond that it provided the required explanation for denying credit for time at liberty on parole. Rather, citing to Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a),[5] Pennsylvania Rule of Appellate

---

[5] Section 703(a) of the Administrative Agency Law provides:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. § 703(a).

7

Procedure (Rule) 1551(a),[6] and case law,[7] the Board argues that Shaw waived his right to challenge the Board's decision on that basis because he did not raise the issue in his administrative appeal to the Board.

In *Plummer v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1484 C.D. 2017, filed May 14, 2018),[8] this Court rejected the Board's similar waiver argument, explaining:

> We . . . reject the Board's contention that [the prisoner] is precluded from raising a *Pittman* [C]hallenge on appeal to this Court. Relevant here, the Board issued its Recommitment Order before the [Pennsylvania] Supreme Court decided *Pittman*. Since applicable law did not

---

[6] Rule 1551(a) states:

> Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. **No question shall be heard or considered by the court which was not raised before the government unit** *except*:
>
> (1) Questions involving the validity of a statute.
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> **(3)** *Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit.* If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.
>
> The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

Pa.R.A.P. 1551(a) (italic and bold emphasis added).

[7] *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092 (Pa. Cmwlth. 1993); *Newsome v. Pa. Bd. of Prob. & Parole*, 553 A.2d 1050 (Pa. Cmwlth. 1989); *Hughes v. Pa. Bd. of Prob. & Parole*, 534 A.2d 589 (Pa. Cmwlth. 1987); *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518 (Pa. Cmwlth. 1987).

[8] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Plummer* is cited for its persuasive value.

require the Board to explain its credit decision when [the prisoner] filed his administrative appeal, he did not question the Board's lack of explanation.

[The prisoner] challenged the Board's failure to explain its exercise of discretion in denying credit for his time spent at liberty on parole in his petition for review. *Pittman* was decided in the interim. Therefore, the petition for review was [the prisoner's] earliest opportunity to question the denial of credit for time spent at liberty on parole based on the Board's failure to explain its credit decision.

*Plummer*, slip op. at 7-8 (citations omitted).

Here, the Board issued Shaw's recommitment order on January 23, 2017, and received Shaw's Request on March 13, 2017. On April 26, 2017, our Supreme Court issued its *Pittman* decision. Thus, as in *Plummer*, *Pittman* had not been decided before Shaw filed his Request. Accordingly, for the reasons set forth in *Plummer*, Shaw did not waive his *Pittman* challenge.

Addressing Shaw's *Pittman* Challenge, Shaw is correct that the Board provided no "statement explaining its reason for denying [him] credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. Accordingly, on remand, the Board shall provide Shaw the required explanation for its denial of credit for his time at liberty on parole.

For all of the above reasons, the Board's order is vacated, and the matter is remanded to the Board for proceedings consistent with this opinion.

_____
ANNE E. COVEY, Judge

9

Jimmy Shaw, : 
            Petitioner : 
   : 
         v. : 
   : 
Pennsylvania Board : 
of Probation and Parole, :    No. 1853 C.D. 2017 
            Respondent : 

## O R D E R

AND NOW, this 18th day of March, 2019, this Court's July 17, 2018 order is modified to strike therefrom the portion vacating the Pennsylvania Board of Probation and Parole's (Board) order mailed on November 6, 2017 for a timeliness determination.

IT IS FURTHER ORDERED that the Board's November 6, 2017 order is NOW vacated, and the matter is remanded to the Board for proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge